MARTIN KANE *vs.* SAMUEL S. LEARNED & another.

Middlesex.    Jan. 12. — Feb. 1, 1875.    AMES & ENDICOTT, JJ., absent.

In an action upon a poor debtor's recognizance, the plaintiff sought to invalidate the proceedings before the magistrate who administered the oath and discharged the debtor from arrest, on the ground that the magistrate had acted as the debtor's attorney in the matter. The evidence on this point was conflicting. *Held,* that it was a question of fact for the jury.

CONTRACT on a recognizance entered into, under the Gen. Sts. *c.* 124, § 10, by Samuel S. Learned as principal and John Zoler as surety, and conditioned that Learned, who had been arrested on an execution in favor of the plaintiff, should, within thirty days from the time of his arrest, deliver himself up for examination before some magistrate authorized to act. The declaration alleged as a breach that Learned had not delivered himself up within the thirty days. Answer, that the defendant Learned had delivered himself up for examination before Henderson J. Edwards, a magistrate authorized to act; that due notice was given to the plaintiff, who failed to attend; and that said defendant was discharged from arrest. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows:

The plaintiff sought to avoid the legal effect of the proceedings before the magistrate Edwards, by evidence that he had acted in relation to the judgment, execution and arrest as the adviser, counsellor and attorney of Learned, and contended that he was thereby disqualified from acting as a magistrate in the matter. The only question submitted to the jury was whether, prior to the proceedings before Edwards, he had thus acted. This question was submitted to the jury upon instructions to which no exception was taken, except as is hereinafter stated.

There was evidence tending to prove that on the day of the arrest, Joseph H. Cotton, the attorney of the plaintiff in the suit on which judgment was obtained against Learned, went with Jonathan Oldham, a deputy sheriff, to Watertown, and Oldham arrested Learned there; that afterwards they went to Learned's dwelling, near by, and Learned expressed the wish to be taken before Henderson J. Edwards, a trial justice in Watertown, to recognize with sureties, and Oldham said he intended to take him to Charlestown; that Learned insisted on going to Edwards, but Cotton objected, and said to Learned, as a reason for his objection, that Edwards was Learned's counsel, to which Learned made no denial, but said that it made no difference, that he had consulted those who knew more than Cotton; and that he was afterwards taken to Brighton before S. W. Trowbridge, a trial justice, where he entered into the recognizance in suit, Oldham having offered to take him before any magistrate in the county, excepting Ed-

wards.   Cotton testified that after the judgment and execution in
the original suit and before the arrest, Edwards sent for him and
he called upon and had an interview with him.   Cotton was
then asked what Edwards said, to which the defendants objected,
on the ground that neither of the defendants was present; the
plaintiff thereupon stated that he proposed to show that Edwards
then stated that he was counsel for Learned, in the matter of the
said judgment and execution, and the judge overruled the objec-
tion and admitted the evidence.   Cotton then testified that Ed-
wards said that he was counsel for Learned; that this interview
took place at the law office of Edwards in Boston, in the latter
part of July or the first of August, 1872; that he went there in
response to a letter, dated July 30, 1872, signed by Edwards; that
Edwards asked him if some adjustment of the judgment debt in
favor of Kane could not be made, desired to have it fixed, under-
stood that he was going to have Learned arrested; that Cotton
replied that he would be glad to have it settled, that he had
offered to settle for $600 ; that Edwards then asked if it could
be settled for a smaller sum ; that he replied he would take $400 ;
that Edwards asked him if he would take $300, and that Cotton
then said he would take $300 and costs ; that Edwards replied he
would advise Learned to give the amount, and he would let him
know about it on the following Tuesday ; that Edwards said far-
ther that there was another larger suit, in which Learned was in-
terested, and if he was arrested he would have to make certain
assignments, which might affect injuriously the larger suit.

Cotton stated that he had nothing farther to do with Edwards
prior to the day of hearing and discharge of Learned, after no-
tice before him as magistrate, on September 27, 1872, when he
called at Edwards's office, after Learned had been discharged, to
inquire what had been done with Learned.

The plaintiff offered in evidence the letter of Edwards to Cot-
ton, to which the defendants' counsel objected ; but the judge
overruled the objection and admitted it.

Edwards testified the letter was written and sent to Cotton in
relation to some other matter, and not for the purpose of having
an interview concerning the judgment debt, or about affairs of
Learned ; that he did not have any conversation with him at any
time before Learned was discharged by him as a poor debtor,

concerning Learned ; that he had not been employed, retained or authorized to act as counsel or attorney for Learned, before or since his arrest, and had never been his counsel nor had any conversation or communication with Learned, at any time, until he applied to him for a notice to take the oath to serve upon the plaintiff ; that what the matter was concerning which he wrote the letter to Cotton he could not remember, but he did remember that Cotton came to his office in Boston at some time, and in relation to something else, and incidentally he said to him, in a friendly way, that if he could get a note signed by Mrs. Learned, he could secure his debt against Learned, as she was the owner of some equities.

Learned testified that his counsel in the suit was W. N. Mason, and since this suit, A. T. Sinclair, and that he never had consulted or had any conversation with, or employed Edwards to be his counsel, or to act for him in any case, or in reference to the plaintiff or any matter, and he denied that he told Cotton that it made no difference, or that Edwards was his counsel.

By the testimony of Mason, it appeared that, while he was acting for Learned, he had several interviews with Cotton in reference to a settlement or compromise of the suit, on which judgment was obtained against Learned in 1872 ; that an offer to take $600 was made by Cotton to him. At the June term of that year, he had another talk about settlement, but the negotiations came to nothing. The judgment was obtained upon a default in July, 1872.

After all the testimony was in, the counsel for the defendants asked the judge to rule and instruct the jury, that there was no question of fact for them to pass upon ; that it was solely a question of law for the court, as to whether the relation of counsel and client, or professional adviser, existed between Edwards and Learned in such a manner as to disqualify Edwards from acting as magistrate ; but the judge declined so to rule, and instructed the jury that it was a question of fact for the determination of the jury, whether, upon all the evidence, Edwards had been the adviser and counsellor of Learned in reference to the matter on which he acted as magistrate, and instructed the jury in effect that if the plaintiff, having the burden of proving that fact upon him, proved by a preponderance of evidence that Edwards had

been such adviser and counsellor of Learned, they might find the notice, oath and discharge to be invalid.

The jury found for the plaintiff, and the defendants alleged exceptions.

*A. V. Lynde*, for the defendants. 1. The question as to whether the relation of counsel and client, or professional counsellor or adviser, existed between Edwards and Learned was one not of fact for the jury to pass on, but for the court to define and rule upon, and for the jury to apply the rule or principle to the evidence in the case. Ram on Facts (3d Am. ed.) 21, and n. *Baker* v. *Gerrish*, 14 Allen, 201. *Kisling* v. *Shaw*, 33 Cal. 425. *Krause* v. *Hampton*, 11 Iowa, 457. *McCreary* v. *Hoopes*, 25 Missis. 428.

2. Without a definition or instruction for the jury to determine what constituted that relation, the jury were in the same position as if the relation of trustee and *cestui que trust*, or of principal and agent, or of guardian and ward, was left to their determination without instructions. *Gavett* v. *Manchester Railroad*, 16 Gray, 501. *Boynton* v. *Laighton*, 1 Allen, 509. Taylor on Ev. (6th Eng. ed.) §§ 24, 31.

*W. S. Stearns*, for the plaintiff.

DEVENS, J. The only point argued by the defendants is, that it was erroneous in the presiding judge to decline to rule "that it was solely a question of law for the court whether the relation of counsel and client or professional adviser existed between Edwards and Learned in such a manner as to disqualify said Edwards from acting as magistrate," and to submit this inquiry to the jury upon all the evidence. Where there is a dispute about facts, where the credibility of witnesses is in issue, or where it is doubtful what inference should be drawn from such facts as are proved, the matter is one for the consideration of a jury. *Gavett* v. *Manchester Railroad*, 16 Gray, 501, 505, and cases cited.

Whether it was proved that, when it was stated in Learned's presence that Edwards was his counsel, he made no denial, but said that it made no difference, that Edwards acted or assumed to act as his counsel in attempting to arrange a compromise of the debt, and what was the inference to be drawn from these facts or such of them as were proved, were all matters in controversy

which must necessarily be passed upon in ascertaining the relation which existed between Learned and Edwards. It was a question upon the weight and effect of evidence, which could not be decided by the court as a legal result to be deduced from proved or admitted facts.

Upon a bill of exceptions which alleges no deficiency in the instructions as to what would constitute such a relation of counsellor or adviser in the particular matter in which Edwards afterwards actêd as magistrate, as would disqualify him from thus acting, it must be inferred that all were given that the case required. *Exceptions overruled.*