ELLIOTT E. CUNNINGHAM *vs.* W. A. WASHBURN & another.

Worcester.    October 6. — December 28, 1875.    AMES, J., absent.

A. agreed in writing, for a round sum, to move a house, do certain work upon it, and " to finish said house ready for occupancy." In an action by A. on this contract, it was admitted that if the contract required A. to build a water-closet, he had not completed the contract. *Held,* that the court could not say, as a matter of law, that the omission of a water-closet was a failure to perform the contract; and that it was a question of fact for the jury to determine whether the building of a water-closet was reasonably necessary and proper to make the house ready for occupancy.

In an action upon a contract under seal, by which a builder agreed with two owners of a house to move it, and " dig and stone a cellar to set it on," it is a question of fact for the jury whether the use of new stones in building the cellar wall, which were ordered by one owner, was assented to or ratified by the other.

CONTRACT against W. A. Washburn and Frederick E. Abbott, upon an instrument under seal, dated October 15, 1871, and signed by the plaintiff and the defendants, reciting that the defendants were the owners of certain land in the city of Worcester, with a cottage standing thereon, which the defendants desired to remove to another part of the land, and providing as follows:

" Now, therefore, said Cunningham, being a practical carpenter and building mover, in consideration of four hundred and fifty dollars being paid to him, promises and agrees to move said building back upon the rear part of the lot, turn it half around, and front it on Barclay Street, dig and stone a cellar to set it on, and to finish said house ready for occupancy, doing the work well even to all the rooms, painting the house one coat of good oil and lead paint on the outside, and two good coats of oil and lead on the inside, and putting blinds on the windows outside, furnishing and finding all the stock and materials."

The declaration also contained a count upon an account annexed for stone and sheathing boards furnished, these not being included in the contract.

Trial in the Superior Court, before *Dewey,* J., who allowed a bill of exceptions in substance as follows :

The defendant Washburn testified that he went to the house at the time one Pike, the plaintiff's agent, was building the cellar wall and using the new stones ; that he asked Pike why he was using new stones instead of the old, and Pike said that Ab-

bott has ordered them to be put in, and he, Washburn, then said that if Abbott had ordered them he might pay for them.

The plaintiff testified that he asked Washburn to pay for the job six weeks after it was finished, and he told him he was not going to pay for those new stones anything extra; that as Abbott had ordered them he might pay for them.

. The defendants asked the judge to rule that the plaintiff could not maintain his action on the written contract, it being admitted by the plaintiff that he had not completed the contract if it required him to build a water-closet. The plaintiff admitted that he refused to put a water-closet into the house, and left the house without putting one in; the defendants requested the judge to rule that the contract as a matter of law required that a water-closet or privy should be built. The defendants also asked the judge to rule that the claim for extra stone could not be maintained against the defendants jointly.

The judge declined to give either of the rulings requested, but instructed the jury as follows: " In relation to the defendants' claim that the plaintiff wilfully abandoned his contract before it was completed, and that the defendants were therefore not liable, such is the rule of law, where wilfully, without cause, a party neglects to complete and abandons his contract. If the plaintiff had wilfully abandoned the work, leaving the house not finished according to the contract, he could not recover. But if a party in good faith proceeds under a special contract, and doing what he reasonably supposes is required, and substantially completes it, and the other party accepts the benefit of the work, although the contractor may not have done all that was really his duty, or in the exact manner required, still he may maintain an action for his labor and materials, but he cannot necessarily recover the cost of his materials or the ordinary price of labor. The party for whom the work was done is entitled to have deducted from the contract price the difference between the value of the work as done, and its value if it had been done in accordance with the contract.

" In relation to the proper construction and interpretation of the contract, it is a question of law for the court to decide. The contract provides that the plaintiff should ' finish the house ready for occupancy,' and then proceeds to state the details as to a por-

tion of the work; as far as the manner of doing the work and the kind of work is specified, it is to be done as thus specified; the only difficulty arises as to the work not specified, but which is required by the provision ' to finish said house ready for occupancy ; ' the court cannot, as a matter of law, give you the details the parties have omitted, but instructs you that the plaintiff would, under this provision of the contract, be bound to do all things that would be reasonably necessary and proper to make the house ready for occupation, taking into consideration, in determining what should be done, the character of the house he was to finish ; and if the jury find that he omitted anything specified in the contract, or omitted any other thing that was reasonably required to have such house as is referred to and described in the contract ready for occupancy, then he has not performed his contract and cannot recover upon it."

The judge also instructed the jury, that " In order to entitle the plaintiff to recover for the stone furnished, you must be satisfied that Abbott had authority from Washburn to make a change from the agreement as to the stone, and that if Abbott was acting for both in relation to the building and carrying out the contract, with a general authority from Washburn to make such changes as he deemed best, and he made the change as to the stone, Washburn would be bound thereby, or if Washburn, having knowledge of Abbott's acts, subsequently ratified the same."

The jury found for the plaintiff ; and the defendants alleged exceptions.

*C. A. Merrill*, for the defendants.

*J. R. Thayer*, for the plaintiff, was not called upon.

DEVENS, J.    The legal interpretation of a contract is for the court, which is to determine, where the words are unequivocal in their meaning, what it imports, and what are the obligations imposed by it.    As, however, words and phrases are often used, which are technical or ambiguous, and sometimes, also, those which, although not in themselves unintelligible, require knowledge of the subject, in connection with which they are used, to apply them intelligibly, it may become necessary to resort to extrinsic evidence to ascertain thereby the intent of the parties in using them, in order that the contract may be construed in the light of the information thus acquired.    The facts thus to be

inquired into are determined by the jury under the direction of the court, which instructs them as to the construction to be given to the contract according to the various aspects in which such facts may present themselves. *Eaton* v. *Smith*, 20 Pick. 150. *Burnham* v. *Allen*, 1 Gray, 496. *Smith* v. *Faulkner*, 12 Gray, 251.

Whether the phrase "to finish said house ready for occupancy" was one which would require the building of a water-closet, depended upon certain extrinsic facts. The defendants do not object to the instructions given, in themselves, but contend that the court should have received the evidence of carpenters, and then, upon such evidence, have decided the matter without submitting it to the jury. This, however, would have taken from the jury its right to find the facts, and have trespassed upon its province. It is for the court only to decide the law upon the facts as they have been, or as they may be, ascertained; and while what the contract requires to be done is a question of law, the submission of the case to the jury to find the facts, with proper instructions as to the various aspects in which they may present themselves, gives to the court the construction of the contract as completely as if the jury found the facts specially and the court afterwards interpreted the contract in view of them as found.

In *Worcester Medical Institution* v. *Harding*, 11 Cush. 285, relied upon by the defendants, it was held by the court, as a matter of legal construction of the peculiar contract in that case, that a full completion of the wall, there contracted for, was not necessary, but only such completion thereof as would be necessary for the purpose of putting on the roof of the building; and as the facts in regard to this were admitted, there was nothing for the jury. In the present case, what the contract required to be done could not be determined as matter of law, except by determining as matter of fact what was reasonably necessary and proper to be done, considering the character of the building to be erected.

The ruling upon the remaining question was also correct. Although the written contract required the plaintiff to furnish all the stone for the cellars, yet it was competent for the parties subsequently to agree for stone of an extra quality. Under the instruction given, the jury must have been satisfied that Abbott

had authority from Washburn to make this change, or that Washburn, with a knowledge of Abbott's acts, subsequently ratified them, and in either case both would be liable.

*Exceptions overruled.*