PETER CASAVANT *vs.* WILLIAM H. SHERMAN.

Worcester.    September 30, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, BRALEY, & DECOURCY, JJ.

· *Contract,* Performance and breach.   *Practice, Civil,* New trial.

In an action for the alleged breach of a contract in writing, by which the defendant agreed to hire the plaintiff for the period of one year and to pay him $4 a day, and the plaintiff agreed "to use his best efforts to further the interests of" the defendant, where the plaintiff contends that the defendant committed a breach of the contract by discharging him at the end of six months, and the defendant contends that he was justified in terminating the contract because the plaintiff had broken it, the defendant may show a breach of the contract by the plaintiff by evidence of a series of omissions in performance, no one of which alone would constitute a substantial breach of the contract, and on such evidence it is a question for the jury whether the plaintiff had failed to perform his part of the contract substantially.

*It seems,* that one who, having previously been engaged in taking contracts for lathing houses, enters the employ of a lathing contractor under a contract by which he is to receive $4 a day and agrees "to use his best efforts to further the interests of" his employer, is not excused by an inability to read and write from an obligation to keep account of the times and amount of the work done by the men placed under him.

The denial of a motion for a new trial, asked for on the grounds that the verdict was against the law, that it was against the evidence, and that it was against the law and the evidence, where the judge in denying the motion stated that he did so as a matter of discretion and that no ruling of law had been made, affords no ground for exception.

CONTRACT for the alleged breach of a contract in writing, whereby the defendant agreed to employ the plaintiff for one year from August 19, 1908, and to pay him $4 a day, alleging that the defendant wrongfully discharged the plaintiff on February 20, 1909. Writ in the Central District Court of Worcester dated March 23, 1910.

On appeal to the Superior Court the case was tried before *Lawton,* J. It appeared that the plaintiff was a lather, who took contracts for lathing buildings, and that the defendant also was a lather, who took similar contracts, that on August 17, 1908, the plaintiff and the defendant made the agreement sued upon, in which the defendant was described as the party of the first part

and the plaintiff was described as the party of the second part. The contract provided as follows:

"That the said party of the first part agrees to hire for a period of one year from and including August nineteenth, nineteen hundred and eight, the said party of the second part, and to pay him, the said party of the second part the sum of four dollars ($4.00) per day, eight hours to constitute a day's work. . . . And the said party of the second part agrees to use his best efforts to further the interests of, to obtain work and contracts for, and to turn over all work that may come to him to, the said party of the first part."

The plaintiff entered the employ of defendant under the terms of the contract, and was assigned to work by the defendant. He continued to work until February, 1909, when he was dismissed by the defendant.

The evidence showed that the plaintiff was a rapid worker and did nearly twice the work of other men; that he took about eighteen contracts during the time of his employment and turned all of them over to the defendant. The plaintiff contended that he had faithfully performed his part of the contract and was willing to continue his services under its terms until the expiration of the year, but that he was prevented from doing so by the action of the defendant in discharging him.

The defendant introduced evidence that the plaintiff had thrown away some small wire brads, which were of no value, that he had miscalculated the number of laths used on a building, making a difference of about $4, and that he had miscalculated the amount of wire lathing used on a certain hospital, making a difference of about twelve or fifteen dollars.

The defendant testified that he placed the plaintiff in charge of several gangs of men on different jobs and told him to keep account of the time they worked and the amount of work done, etc., and that the plaintiff told him that he could not do it, because he could neither read nor write; that he was ready and willing to do anything else, but he could not keep accounts, that, when he was in business for himself, he had a few men to work for him, and he made certain marks in a book which he himself could understand and in that way got along, but that he could not keep account of a large number of men on different jobs. This refusal of the plaintiff was the principal ground relied upon by the defendant for dis-

charging the plaintiff, the defendant contending that the plaintiff's refusal to keep the accounts was a breach of the contract.

The judge in his charge to the jury gave the following instructions:

"You have got to take up the various things to which he has called your attention here and you are to say what are the facts about the various things which the defendant has called your attention to and then say taking them altogether was there a substantial variance of the contract. The plaintiff is in the attitude of saying that it is quite possible that if you take everything that he has given you here, and then take each one of those things by itself and throw out everything else and say this is the only thing that we might find here, you might very well say, 'why that is not enough to say that there is any variation of the contract,' but the position of the defendant is here that there are quite a number of things any one of them if considered alone, perhaps no one of them is sufficient to authorize the defendant to say that the contract was broken, but he says that they indicate a failure on the part of this plaintiff to use his best efforts to further the interests of his employer. And that they came to be to such an extent that after a while he was fairly warranted in saying that this man did not intend to comply with that contract which required him to further his best interests. That he was, so to speak, going it alone; that what he was doing was not an advantage to the business, and that therefore he had substantially broken the contract and he was therefore authorized to tell him so and say to him that he could not go along with him any further; and by the defendant telling him so, was simply notice to him that 'I recognize that you have hitherto broken the contract and I notify you I consider myself no longer bound by it.' If you say that is what you find here, if you find the defendant [plaintiff] did not comply with the contract, that he had broken it, even if you cannot put your finger on the precise minute when you say he had a right to say the contract had been broken, if you say the contract had been broken by this course of conduct on the part of the plaintiff then the plaintiff cannot recover." The plaintiff excepted to these instructions.

The jury returned a verdict for the defendant, and the plaintiff filed a motion for a new trial on the grounds that the verdict was against the law, that it was against the evidence, and that it was

against the law and the evidence. The judge denied the motion, stating that he did so as a matter of discretion and that no ruling of law had been made. The plaintiff alleged exceptions.

The case was submitted on briefs.

*S. G. Friedman, J. W. Sheehan & L. Cutting,* for the plaintiff.

*J. A. Thayer, C. B. Perry & P. D. Howard,* for the defendant.

BRALEY, J. The stipulations of the parties to the contract were mutual and dependent, and, if after it had been partially executed the defendant by discharging the plaintiff made further performance impossible, he is liable in damages, unless the discharge could be justified on the ground of the plaintiff's defaults. *Hodgkins* v. *Moulton,* 100 Mass. 309. *Hapgood* v. *Shaw,* 105 Mass. 276. *Earnshaw* v. *Whittemore,* 194 Mass. 187, 192. Accordingly the question at the trial was whether the alleged omissions put in evidence by the defendant were a sufficient justification. It is settled that, while inadvertent or unimportant departures would not defeat the right of recovery, the plaintiff became bound to a substantial performance in furtherance of the objects intended to be accomplished. *Eastern Forge Co.* v. *Corbin,* 182 Mass. 590, 592. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275.

The plaintiff, who had been engaged in taking contracts for lathing houses, and who seems to have acquired quite a patronage, which the parties intended should be transferred as far as possible to the defendant, engaged "to use his best efforts to further the interests of, to obtain work and contracts for, and to turn over all work that may come to him to, the said party of the first part." A general course of conduct which would enure to the defendant's benefit is here prescribed in unambiguous words. The defendant, never having been informed to the contrary, had the right to assume from the plaintiff's previous experience, that when placed in supervision of work contemplated by their agreement his business qualifications were sufficient to enable him to act efficiently. And the plaintiff, although testifying that he had faithfully complied with his obligations, does not contend that the defendant's orders, which the evidence tended to show he had not properly executed, or declined to execute because of inability to read or to write, imposed duties for the performance of which he had not contracted.

The true interpretation and construction of the contract, as urged by him, undoubtedly was for the court, and his counsel argue in their brief that the presiding judge should have so ruled. *Globe Works* v. *Wright*, 106 Mass. 207. Yet no request was made for a ruling that upon the evidence the defense as matter of law had not been made out. But, if asked for, the ruling could not have been given as the facts were in dispute. The jury were to determine whether the various acts of omission had been proved, and, if proved, they were further to decide whether when viewed as a whole, even if any one of them might have been insufficient, the defects in performance reasonably warranted the inference that the plaintiff would not or could not properly exert himself in the promotion of the defendant's interests. *Chapman* v. *Coffin*, 14 Gray, 454. *Cabot* v. *Winsor*, 1 Allen, 546. *Cunningham* v. *Washburn*, 119 Mass. 224. The instructions to which the plaintiff excepted carefully pointed out the nature of the evidence on which the defendant relied, and the judge having correctly ruled, that, while unsubstantial departures would not be enough, yet, if the jury were convinced that there had not been a substantial compliance with his promise, the plaintiff had broken his contract, the verdict for the defendant should not be disturbed.

A motion for a new trial is addressed to the discretion of the court, and unless rulings of law are made at the hearing the denial of the motion affords no ground of exception. *Lopes* v. *Connolly*, 210 Mass. 487.

The order of the judge comes within the rule, and it follows that on each branch of the case the exceptions must be overruled.

*So ordered.*