WILLIAM F. BENNETT *vs.* KUPFER BROTHERS COMPANY.

Worcester. September 30, 1912. — January 3, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY & DECOURCY, JJ.

*Contract,* Performance and breach. *Pleading, Civil,* Answer. *Evidence,* Relevancy.

In an action against a corporation for the alleged breach of a contract in writing to employ the plaintiff as the general manager of a paper mill for a period of five years, where the contract provided that, in case the plaintiff's work as general manager should not be satisfactory, the defendant might give the plaintiff other work instead, and where it appears that the defendant gave · notice to the plaintiff of such a change of work and that the plaintiff declined to accept such change, the defendant under a general denial may introduce evidence of damages suffered by the defendant through mismanagement of the plaintiff as tending to show that the plaintiff was deposed justifiably from the position of general manager because of his incompetence.

CONTRACT, for the alleged breach of a contract in writing, by which the defendant, a corporation, agreed to employ the plaintiff as the general manager of the defendant's paper mill at Riverdale, a village in the town of Northbridge, for a period of five years, with a provision for a graduated increase of salary as the profits of the business increased. Writ dated October 19, 1910.

A copy of the contract was annexed to the declaration. It was dated January 15, 1910. The defendant was the party of

the first part and the plaintiff the 'party of the second part. The clauses of the contract numbered 1 and 2 were as follows:

" 1. The party of the first part hereby employs the party of the second part for the term of five years ending on the 31st day of December, 1914, and the party of the second part agrees to enter and to remain in the employment of the party of the first part during said period.

" 2. The party of the second part agrees during said five years to devote all his time and attention to the interests of the party of the first part. The employment of the party of the second part shall be as general manager of the plant about to be completed and operated by the party of the first part, situated at North-bridge, Massachusetts, as long as his work as such general manager is satisfactory; but in case his work as such general manager shall not be satisfactory, the party of the first part reserves the right to give the party of the second part during the term hereof such reasonable directions to do such other work as in the discretion of the party of the first part, its board of directors and officers, is deemed proper."

The answer was a general denial. During the trial the defendant was allowed to amend its answer by adding the following paragraphs:

"And further answering the defendant admits the execution of the contract declared on by the plaintiff, but denies that the plaintiff performed his work as such general manager satisfactorily; and because of such failure to perform said work satisfactorily, the defendant, in accordance with the terms of said contract, duly gave the plaintiff such reasonable directions to do such other work as in the discretion of the defendant, or its board of directors and officers, was deemed proper.

"And further answering the defendant alleges that the plaintiff did not properly perform his contract, but that on the contrary he undertook to perform the same in such a negligent, unskillful and improper manner as to cause the defendant great and serious damage."

In the Superior Court the case was tried before *Irwin,* J. The general findings warranted by the evidence are stated in the opinion.

The defendant offered to show, on the question of satisfactory

performance by the plaintiff of his work as general manager, the salary list and the product of the plant for the time during which the plaintiff was general manager and for the time following October 1, 1910, which was the date of the severance of the plaintiff's connection with the defendant. The judge admitted the evidence bearing on the months during which the plaintiff was in charge as general manager, but excluded evidence of the salary list and the product of the plant for the time thereafter. The defendant excepted.

The defendant called as a witness its treasurer, one Bird. He was asked the following question: "As a result of Mr. Bennett's charge of the mill, from the beginning of the contract up to October 1st, have you made any computation as to any damages that this corporation suffered, if any, directly traceable to his action?" The witness answered, "Yes, sir." He then was asked, "And what are the different things that that embraces?" The plaintiff's counsel objected, saying, "I don't know whether it is in the nature of a recoupment. There is nothing in the pleadings about it." Thereupon the judge said, "I suppose showing Mr. Bennett's incompetency as to his position. It is going in piecemeal." The defendant's counsel stated as his reason for asking the question, "He goes there as superintendent, and has brought suit for damages for the breaking of the contract by us amounting to $5,000. If we can show that during the time he worked for us he damaged us fifteen or twenty thousand dollars, the jury have a right to take the two sums into consideration." The judge excluded the question, and the defendant excepted. This is the second exception, which is referred to in the opinion as alone being material, the first not having been argued.

The defendant made no requests for rulings and did not except to any part of the judge's charge. The jury returned a verdict for the plaintiff in the sum of $5,775; and the defendant alleged exceptions to the exclusions of evidence stated above.

The case was submitted on briefs.

*F. B. Hall & J. H. Mathews,* for the defendant.

*C. C. Milton & F. L. Riley,* for the plaintiff.

BRALEY, J. The defendant's exceptions relate to the exclusion of evidence, and the first exception not having been argued it must be treated as waived, leaving for decision the question

raised by the second exception. It is not suggested that the parties are at variance over the construction of the contract, and, the defendant having exercised the right reserved by the second clause, the plaintiff upon notice declined to accept the change in his employment, and claimed that the action taken, having been inconsistent and a mere subterfuge, constituted a breach by the company. The record, while stating that "there was evidence from which the jury could find a breach of contract on the part of the defendant," also contains enough recitals of the evidence from which the jury could have found a failure by the plaintiff to discharge satisfactorily the duties of general manager of the defendant's manufactory.

During the trial the defendant was permitted to plead in recoupment, which goes only to the reduction of damages and raises a defense not available under the original answer of a general denial. *Sawyer* v. *Wiswell,* 9 Allen, 39, 42. *Stacy* v. *Kemp,* 97 Mass. 166, 168. *Hodgkins* v. *Moulton,* 100 Mass. 309. *Carey* v. *Guillow,* 105 Mass. 18. *Jackman* v. *Doland,* 116 Mass. 550. The defendant, however, if it had prevailed, could not have had damages assessed caused by the plaintiff's breach, but would have been obliged to resort to an independent action. *Proprietors of Mill Dam Foundery* v. *Hovey,* 21 Pick. 417, 438, 439. *Munsey* v. *Butterfield,* 133 Mass. 492. *Jewett* v. *Brooks,* 134 Mass. 505. *Paige* v. *Barrett,* 151 Mass. 67, 68. *Snow* v. *Alley,* 156 Mass. 193. *Fort Payne Coal & Iron Co.* v. *Webster,* 163 Mass. 134.

But the plaintiff was required to show substantial performance on his part before he could recover, and, if the jury found that his displacement was justified, the defendant would have been entitled to a verdict. Under the general denial proof of the amount of damages suffered by his general mismanagement would have been relevant as tending to support the defendant's contention that he had been deposed because of incompetency. The plaintiff objected to a question which would have elicited from the defendant's treasurer evidence of this character, on the ground that recoupment had not been pleaded, and the judge excluded the question. It was wholly immaterial whether recoupment had then been pleaded, as the colloquy between the judge and the defendant's counsel, preceding the ruling, removes all doubt that the evidence was offered to show a breach of the

contract by the plaintiff; and, it having been admissible for the reasons stated, there must be a new trial.

*Exceptions sustained.*