CHARLES E. PYE *vs.* ALONZO W. PERRY.

Suffolk.    December 11, 12, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Contract,* Performance and breach. *Damages,* In contract. *Evidence,* Admissions and confessions. *Letter.*

In an action for the breach of a contract by which the defendant agreed to pay the plaintiff a sum of money upon his doing certain things, the plaintiff either may prove performance of his part of the contract or may show that the defendant's repudiation of the contract made the further performance of the plaintiff's part of the contract unnecessary or impossible, but the damages recoverable for a justifiable rescission are not the same as those to which the plaintiff would be entitled on proving a full performance; and in the present case an instruction of a presiding judge, under which the jury could award to the plaintiff the amount of money to be paid him upon his performance of all the things required of him by the contract in case the plaintiff proved that the defendant repudiated the contract and thus excused him from further performance, is prejudicial error, upon which an exception should be sustained.

An unanswered letter sent to the adverse party is not admissible to prove the truth of the statements contained in it, and the admission in evidence of such a letter, where the statements were prejudicial to the adverse party and it cannot be said that the error was harmless, is ground for sustaining an exception.

CONTRACT to recover the sum of $7,000 and interest, which it was alleged that the defendant promised to pay to the plaintiff upon the plaintiff's performance of his part of a certain agreement stated in the opinion. Writ dated June 4, 1910.

In the Superior Court the case was tried before *King,* J.   The course of the trial so far as material is described in the opinion. The jury returned a verdict for the plaintiff in the sum of $10,125; and the defendant alleged exceptions, raising the questions disposed of in the opinion as well as others that have become immaterial.

Other cases arising out of the transactions to which the contract here sued upon related are referred to in 215 Mass. 409.

*J. E. Hannigan,* for the defendant.

*F. P. Garland,* for the plaintiff.

BRALEY, J.   By the mutual and dependent stipulations of the contract declared on, the defendant, if the plaintiff would assist him in the prosecution of a pending suit and surrender his rights as a part owner to redeem certain stocks and bonds issued by the Canada, Atlantic and Plant Steamship Company, held by the defendant, and would relinquish any further efforts to hire money to pay the debt for which the stocks and bonds had been given as security, promised and agreed, that, upon obtaining control of the company, he would repay to him the amount with interest which the plaintiff had invested.   The answer is a general denial, and obviously the plaintiff, on whom was the burden of proof, had to show substantial performance before he could recover damages for a breach by the defendant.   *Bennett* v. *Kupfer Brothers Co.* 213 Mass. 218, 221.   If the jury believed the testimony of the plaintiff and his witnesses, the further allegations, that the plaintiff had fully performed every part of his agreement, but that the defendant, having acquired possession of the company, had refused, although often requested, to carry out his part of the contract, had been proved, and nothing remained except the assessment of damages.   *Bennett* v. *Kupfer Brothers Co.* 213 Mass. 218.

The presiding judge, in accordance with the defendant's fourth request, correctly and explicitly instructed the jury, that "the plaintiff must prove that the agreement was made as set forth in his declaration, and that he complied with his part of the agreement."   But, inasmuch as the counsel for the defendant had contended in argument that, even if there was a contract between the parties, which the defendant as a witness had denied, yet the plaintiff had fallen short in performance and could not recover, the judge read to the jury the following parts of

the opinion in *Mullaly* v. *Austin*, 97 Mass. 30, 32: "The breach by one party, by an absolute refusal to fulfil the contract on his part, renders performance by the other party impracticable, and the right to indemnity by an action for damages at once accrues. This is the established rule as applied to contracts founded on concurrent considerations, as where one agrees to do a certain thing, or perform some act, in consideration that another will fulfil some promise or undertaking on his part," and further said, "So if you get to that question as to whether or not Pye carried out his contract, if he had one, with the defendant, you may still find the plaintiff entitled to recovery even though he did not do all he agreed to, if the defendant said to him in substance, 'I won't pay you, I disown my agreement with you.' That may not, however, be important." It is apparent from the colloquy between the judge and the defendant's counsel at the close of the charge, when the attention of the judge was called to these instructions, and from the instructions then given in which the judge again said: "I do say, however, that it does apply if Pye failed to carry out an agreement which he had with the defendant, if he had one, and he failed because the defendant had broken that agreement first. If you find that to be the case, then I rule that that authority applies. If you do not find such to be the fact, then it does not apply." To all of which the defendant seasonably excepted on the ground that, if the jury found that the plaintiff was unable to perform, yet he could recover if the defendant had rendered performance impossible. The plaintiff, however, on the one hand could not rely on the contract as having been fully performed, and on the other hand as having been terminated by the defendant's repudiation, giving him a right to rescind or to sue for damages where the measure of recovery would be different, and the jury were left with the erroneous impression that he could prevail even if they found he had voluntarily broken the agreement. *Casavant* v. *Sherman*, 213 Mass. 23, 26. *Barrie* v. *Quinby*, 206 Mass. 259, 267, 268.

We do not find it necessary or expedient to review specifically the defendant's further requests which were either denied, or given in terms, or modified and given, as it is improbable that all of the questions involved will again arise, or, if raised, that they will be presented in the same form.

The only remaining exception calling for consideration is the admission in evidence of an unanswered letter received by the defendant, and written by the plaintiff's counsel and business associate, wherein certain business transactions of himself and his client in connection with the steamship company's affairs were recapitulated and commented on, although no reference is made to the contract in suit. It should not have been admitted. The defendant's silence was not a reply, and the letter was incompetent as evidence of either the contract or his alleged default. *Trischet v. Hamilton Mutual Ins. Co.* 14 Gray, 456. *Fearing* v. *Kimball,* 4 Allen, 125. *Callahan* v. *Goldman,* 216 Mass. 234. The description of the defendant's conduct in his dealings with the parties, while courteously expressed, tended to prejudice the jury against him, and it cannot be said that the error was harmless.

*Exceptions sustained.*