DOMENICO CANDELIERI *vs.* GIORGIO CONSTANTINO.

GIORGIO CONSTANTINO *vs.* DOMENICO A. CANDELIERI.

DOMENICO A. CANDELIERI *vs.* GEORGIO CONSTANTINO.

Suffolk.   October 8, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Building contract. *Practice, Civil*, Auditor: agreement as to issues before auditor, findings of fact; Requests, rulings and instructions.

Three actions of contract, one brought by a building contractor against the owner of land on which a building was being erected before a last payment was due under a contract in writing relating to the building, a second brought by the contractor after the date fixed for such payment, and a third by the owner against the contractor for alleged breach of the contract, were referred to an auditor to be heard by him together, his findings of fact to be final. In his answer in the first action, the owner alleged a breach by the contractor of the contract in writing. Toward the close of the hearings by the auditor, it was agreed by counsel that the auditor should treat the three actions as if they had been consolidated into one in which the plaintiff sought recovery on an account annexed, in the nature of *quantum meruit*, for a balance due for building the house and extras and the defendant sought recoupment for faulty work, omissions, delay and other defects; and they also agreed that all amendments necessary for this

consolidation were to be assented to. Among other findings in the auditor's report were findings in substance that some provisions of the plans and specifications were materially departed from by the contractor without the owner's consent, and that the contractor could not recover on the special contract. He also found a certain sum due to the contractor. At the hearing of a motion by the contractor for judgment on the auditor's report, the owner requested rulings in substance that the builder, because of intentional departures from the contract, could not recover either on the contract or upon a *quantum meruit.* The rulings were refused and judgment was ordered for the contractor on the auditor's report. The owner alleged exceptions. *Held,* that

(1) The agreement by counsel toward the close of the hearings before the auditor meant that the contractor would confine his cause of action to the recovery under an account annexed of a balance due for building the house and extras, to which the owner interposed no defence except his right to recoupment;

(2) The owner's requests for rulings raised questions not open after the agreement before the auditor was made, and properly were refused.

In the circumstances above described, the auditor, after making detailed findings, from which it appeared that there had been many changes by the parties in the plans and specifications, stated the account, treating the case as if the owner had received a house worth the contract price, to which he added the cost of certain extras. From this sum he deducted all payments by the owner, charges for the owner's own time and labor, damages for defects, omissions and delay, including loss of rent for that delay, and found that the balance thus ascertained was the amount due the contractor. *Held,* that no error of law appeared in the items stated as charges or credits in the account or in the manner in which the auditor dealt with the issues submitted to him under the agreement made by counsel at the hearings before him.

THREE ACTIONS OF CONTRACT, the pleadings in which, setting forth claims of the respective parties arising out of the constructing of an apartment building by Candelieri on land of Constantino, are described in the opinion. Writs dated, respectively, September 30, October 13, and December 12, 1927.

The three actions were referred to an auditor to be heard by him together and his findings of fact to be final.

The statement in the opinion relating to the agreement by counsel toward the close of the hearings is found only in the auditor's report. There also were the following findings in the report:

"Although the plans and specifications were often de-

parted from, they never were definitely and entirely. abandoned. Waived, changed, and modified, often they were, yet they were always returned to as the basis of the agreement between the parties. The plaintiff did not do all the work required by the contract and some of the work which he did perform was not done in a workmanlike manner.

"There were defects, omissions, and delays for which the defendant should be allowed to recoup. . . .

"The plans and specifications were materially departed from, some of these were with the consent of the defendant; others were not. At times, the plaintiff was not on the premises, giving his personal superintendence as called for by the contract; there was unnecessary delay. A competent foreman was not kept constantly on the ground as provided by the contract. The defendant was justified in going to work and hiring labor and furnishing material. The contract allowed the owner to have access to the work and placed the job entirely under his control. I find that the plaintiff could not recover on the special contract."

Other material facts found by the auditor are stated in the opinion.

The suit was heard by *Burns*, J., without a jury. Constantino moved that the report be recommitted to the auditor, objecting to the omission of exhibits and to the omission of certain findings and the inclusion of others. He also made requests for rulings, including the following:

"1. Upon all the evidence the plaintiff Candelieri is not entitled to recover."

"3. The auditor finds that there were material departures from the plans and specifications, without the consent of the defendant; and the plaintiff Candelieri is not entitled to recover anything."

"6. In view of the fact that no amendment of the plans was ever filed in the building department, and that some of the work was not done according to the plans, the plaintiff Candelieri is not entitled to recover."

"8. In view of the fact found by the auditor that this building has been altered, changed and constructed in many particulars without sanction of the building department ac-

cording to law, the plaintiff Candelieri is not entitled to recover upon any count of his declaration."

"13. One who has voluntarily failed to perform his contract cannot recover on a *quantum meruit* for the part performed by him.

"14. A wilful default in the performance of a stipulation not going to the essence of the contract bars a recovery.

"15. In this Commonwealth where there is a remedy under some circumstances outside the contract in case a building is erected on defendant's land it is restricted to cases in which there is an honest intention to go by the contract."

Candelieri moved for judgment on the auditor's report.

The judge ordered the three actions consolidated for hearing before him; denied Constantino's motion that the auditor's report be recommitted, and denied his requests for rulings; granted Candelieri's motion for judgment on the auditor's report and found for Candelieri in the sum of $1,443.79.

Constantino alleged exceptions.

*F. J. Muldoon & G. Mooradkanian*, for Constantino, submitted a brief.

No argument nor brief for Candelieri.

SANDERSON, J. In the first and third of these actions the plaintiff Candelieri seeks to recover for work furnished and labor performed for the defendant in erecting a three-story brick apartment building on the defendant's land. In the second, Constantino seeks to recover damages for breach of a building contract. Candelieri will be referred to as the plaintiff, and Constantino as the defendant.

The defendant in his answer to the first action, among other things, sets up as a defence the breach by the plaintiff of a written contract. When the first action was brought the forty-day period before the final payment was due according to the terms of that contract had not elapsed, and for that reason the plaintiff brought the third action, declaring on the written contract, which provides that the plaintiff will erect a building according to certain plans and specifications for a specified price, the work to be begun

upon the approval of the plans by the building commissioner of Boston. In the third action the plaintiff alleges that he finished the house in accordance with the agreement; he seeks to recover the last payment under the contract, and also to recover for labor and materials on an account annexed. The cases were referred to an auditor, and, pursuant to the rule of reference, were heard together, the auditor's findings of fact to be final. The auditor took a view and used the information gained thereby in his report. Toward the close of the hearings it was agreed by counsel that the auditor should treat the three actions as if they had been consolidated into one in which the plaintiff sought recovery on an account annexed, in the nature of *quantum meruit*, for a balance due for building the house and extras, and the defendant sought recoupment for faulty work, omissions, delay and other defects, and they also agreed that all amendments necessary for this consolidation were to be assented to. We interpret this agreement to mean that the plaintiff would confine his cause of action to the recovery under an account annexed of a balance due for building the house and extras, to which the defendant interposed no defence except his right to recoupment. See *Bennett* v. *Kupfer Brothers Co.* 213 Mass. 218, 221.

No error of law appears in the denial of the defendant's motion to recommit the auditor's report, nor in the refusal of the judge to grant requests for rulings. For the most part the requests seek to raise questions not open after the agreement for consolidation was made, and in so far as they raise other questions the defendant was not entitled to have them given. After the auditor had made detailed findings, from which it appears that there had been many changes by the parties in the plans and specifications, he stated the account, treating the case as if the defendant had received a house worth the contract price, to which he added the cost of certain extras. From this sum he deducted all payments by the defendant, charges for the defendant's own time and labor, damages for defects, omissions and delay, including loss of rent for that delay,

and found that the balance thus ascertained was the amount due the plaintiff.   We find no error of law in the items stated as charges or credits in the account or in the manner in which the auditor dealt with the issues submitted to him under the agreement for consolidation.

*Exceptions overruled.*