CARR, J. (Riley, J., and Tomasello, J.)
This is an action of contract in which, after a finding for the defendant, the plaintiff moved for a new trial. The plaintiff presented requests for rulings which were received by the judge and filed by the clerk. The judge failed to pass upon the requests but denied the motion for new trial. Deciding the issues involved adversely to the plaintiff, without passing on his requests, amounted to a denial of them. The effect of such denial depends upon the legal soundness and applicability of the requests. Schmoll Fills & Co. Inc. v. S. L. Agoos Tanning Company, 256 Mass. 195.
Although Gen. Laws (Ter. Ed.) c. 231, s. 113 relating among other matters to rulings upon notions for new trial in the Supreme, Superior and Land Courts, does not apply to this court, we have no doubt that where questions of law are properly involved upon a motion for new trial before this court (cf. Loveland v. Rand, 200 Mass. 142, 144) they may be raised by appropriate requests for rulings. Gen. Laws (Ter. Ed) c. 231, s. 108. Morse v. Homer’s Lnc., 295 Mass. 606, 607.
It is unnecessary for the purposes of this opinion to consider all the requests for rulings asked by the plaintiff (but see the second request among others as supplementing the seventh). The seventh request in substance asks the judge to rule that the statements in the aEdavit and the oral testimony before the court at the hearing on the motion for new trial offered “suficient grounds to warrant the court in granting a new trial of the entire matter.’’ Although not well phrased and not setting forth the ultimate test in regard to new trials, the request states a correct proposition of law applicable to the situation before the judge, which could not be denied without explanation. Madden v. Boston Elevated Ry. Co. 284 Mass; 490, 494, supra.
According to Rule 27 of this Court which we assume is *69 intended to state the law generally (see Gen. Laws [Ter. Ed.] c. 231, s. 129, which, however, does not apply to this court), a new trial on motion may be granted for newly discovered evidence, or for mistake of law injuriously affecting the substantial rights of the moving party. Notwithstanding anything to the contrary in the rule, the Court may of its own motion grant a new trial at any time before judgment, if deemed necessary to prevent a failure of justice. Whatever may be the limitations on a party as to grounds on which a motion for new trial may be based, they do not limit the trial judge. When the motion reaches the judge, or if no motion is made, the field for his motion is as broad as the requirements of justice. The limitation is the exercise of sound judicial discretion. Universal Adjustment Corp. v Midland Bank, 281 Mass. 303, 307.
By denying the seventh request for ruling without explanation (to use the exact language of a recent decision) “it must be assumed the judge considered the request embodied an erroneous ruling of law as applied to the facts of the case, and based his finding upon the assumption that the law was otherwise.” Rooney v. Porter Milton Ice Co., 275 Mass. 254, 258.
When a trial judge is asked to make a ruling which states a correct proposition of law, apparently pertinent to the issues, it is his duty to give the request or to show that it is immaterial or not applicable to the facts of the case. Hetherington & Sons v. William Firth Co., 210 Mass. 8, 17, 18, 19.
It is not enough that the trial judge could have disposed of requested rulings by showing that they were immaterial. It is true that the fundamental test of granting or refusing a motion for new trial is sound judicial discretion. Casavant v. Sherman, 213 Mass. 23, 27. Berggren v. Mutual Life Ins. Co., 231 Mass. 173, 176. Madden v. Boston Elevated Railway Co., 284 Mass. 490, 494. It is true that, even if newly discovered evidence would justify a different result, a new trial may be refused. Powers v. Bergman, 210 Mass. 346. It is also true that an affidavit, especially one founded on hearsay, as here, does not require a new trial. Sawyer Co. v. Boyajian, 298 Mass. 415, 416 (as the defendant relies on this case it might be noted that an examination of the original papers in the Sawyer case shows requests for rulings which the judge could not have been compelled to give).
But the defeated party, so far at least as he makes proper requests, is entitled to know that correct rules of law have been followed by the trial judge in reaching his conclusion. Hetherington & Sons v. William Firth Co., 210 Mass. 8, 17, 18, 19.
It should be made clear that we do not determine whether the judge should order a new trial:—that is for him to determine using sound judicial discretion following correct rules of *70 law and where properly requested, making plain that he is acting according to correct rules of law.
The denial of the plaintiff’s motion is vacated. It is ordered that:
The plaintiff’s motion for new trial is to stand for hearing and action by the trial judge in accordance with this opinion.