PREVIEWS INCORPORATED *vs.* JOHN EVERETS.

Suffolk.    May 2, 1950. — September 13, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, Performance and breach, For services. *Practice, Civil,.* Ordering
verdict, Question of law or fact.

A contract for the performance of certain described services for a land-
owner "to promote the sale" of his land impliedly required that such
services be performed in a reasonably diligent, skilful, workmanlike
and adequate manner.
In an action on a contract to recover compensation which thereunder the
defendant, a landowner, was to pay the plaintiff for certain generally
described services to be performed by the plaintiff "to promote the
sale" of the defendant's land, testimony in behalf of the plaintiff as
to what the plaintiff did pursuant to the contract, even though con-
ceded by the defendant to be true, left it a question of fact for the jury
whether the services required by the contract were performed in a
reasonably diligent, skilful, workmanlike and adequate manner; and
it was error to order a verdict for the plaintiff on the basis of such
testimony.

CONTRACT. Writ in the Superior Court dated July 15,
1946.

The action was tried before *Broadhurst*, J.

*S. Maylor*, for the defendant, submitted a brief.

*J. W. Perkins*, for the plaintiff.

QUA, C.J.   Under date of June 16, 1944, the parties entered into a contract in writing by which the defendant retained the plaintiff "to promote the sale" of the defendant's real estate in Heath.   The defendant paid the plaintiff "a retainer of $175" and promised to pay "a final fee of $200" upon sale of the property.   The property has been sold, and the plaintiff brings this action to recover the "final fee" of $200 and interest.   The judge directed a verdict for the plaintiff, and the defendant excepted.

The contract between the parties was obviously not a brokerage contract.   The plaintiff did not undertake to find a purchaser for the property.   The terms of the contract make it clear that the employment of a broker or brokers who should perform the usual services of brokers was contemplated in addition to the employment of the plaintiff.   By the terms of the contract the plaintiff was to perform services which were described in general terms in the contract and which included studying the factors affecting the salability of the property, advising the "client," preparing illustrated advertising matter and distributing it among brokers, submitting information in response to inquiries from brokers and prospective buyers, stimulating active and intelligent selling interest among brokers by means of correspondence and personal discussion, selecting, when considered advisable, brokers in the neighborhood for handling co-brokerage inquiries from distant brokers, and informing brokers of changes in the property or terms.

The only witness at the trial was one Lee, called by the plaintiff, who described himself as "the present department manager of the plaintiff."   He testified in considerable detail as to what the plaintiff had done along the general lines indicated by the terms of the contract.   Several exhibits of printed matter prepared by the plaintiff, some of them containing photographs and attractive descriptions of the defendant's property and other properties, were introduced in evidence.   There were three so called news letters and a "booklet" of one hundred forty-two pages which described many properties, including the defendant's, and

which was "sold for $1.00 apiece to the public and sent to the brokers." On cross-examination the witness stated that it was "fair to say that the services that the company performed consisted in sending out the news letters, and the exhibits presented, in the $1.00 magazine, one trip to Williamstown and over to Heath, and possibly two other news letters which haven't been introduced as exhibits, taking the photographs and having telephone conversations with Miss Nichols, a broker, and with other brokers, and perhaps interviewing some customers in the office. That is stating the facts fairly."

The bill of exceptions states that "No contention was made by the defendant that the evidence offered by the plaintiff was or might be untrue." We assume, without deciding, that this is to be treated as an admission that Lee's testimony was true. It is plain, however, that the defendant did not concede that a verdict could be directed for the plaintiff. The defendant insisted, and still insists, that there was an issue for the jury. We think there was.

The plaintiff had contracted to perform certain services for the defendant. It had impliedly promised to perform those services in a reasonably diligent, skilful, workmanlike, and adequate manner. *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 143. *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass. 626, 629. The burden was upon the plaintiff to prove at least substantial performance of the contract on its part. *Bennett* v. *Kupfer Brothers Co.* 213 Mass. 218, 221. *Pye* v. *Perry*, 217 Mass. 68, 69. *Waldo Bros. Co.* v. *Platt Contracting Co. Inc.* 305 Mass. 349, 359. If we accept the testimony of Lee as true, the plaintiff rendered services under the contract which it would seem the jury might have found to be sufficient to entitle the plaintiff to recover. But it is plain that the plaintiff could have done much more than it did. The law can supply no standard of performance beyond the bare statement of the rule that a contract for services must be performed in a reasonably diligent, skilful, workmanlike, and adequate manner. Whether the requirement of the rule has been

met in a particular instance is commonly a question of fact, even if the evidence as to what was done is undisputed. In general, where two conflicting inferences from established facts are possible, there is a question for the jury. *Kane* v. *Learned,* 117 Mass. 190, 194. *Mercier* v. *Union Street Railway,* 230 Mass. 397, 404. *Ambrose* v. *Boston Elevated Railway,* 309 Mass. 219, 222. *American Institute for Economic Research* v. *Assessors of Great Barrington,* 324 Mass. 509, 514. See *Cunningham* v. *Washburn,* 119 Mass. 224, 227. This case is to be distinguished from cases where the question is whether some act has been performed within a reasonable time. In such cases, if the facts are undisputed, what constitutes a reasonable time is commonly a question of law for the court. *Commissioner of Corporations & Taxation* v. *Malden,* 321 Mass. 46, 52, and cases cited.

The question whether the services called for by the contract were performed in a reasonably diligent, skilful, workmanlike, and adequate manner should have been submitted to the jury.

*Exceptions sustained.*