*Southern District*

No. ――――

### ERNEST LAVIGNE
### v.
### BENJAMIN WEINER, d-b-a DEAN JEWELERS

*Present:* NASH, P. J., COX AND SGARZI, JJ.

*Cox, J.* This is an action of contract on an account annexed and in *quantum meruit* to recover a balance of $289.50 for work and labor performed on the defendant's house in the town of Norfolk and at his store in the town of Franklin at an agreed price of $2.00 an hour. There was also a claim for a helper at $1.50 an hour.

The judge found that "the work, on which the plaintiff claims he spent 180 hours should have been performed by a reasonably skilled carpenter in 119 hours at $2.00 per hour, — $238.00. [and that] the total fair and reasonable charge to which the plaintiff is entitled is $238.00 plus $8.00 for work at the defendant's store, plus $18.00 for the trips to Franklin, total $264.00 on which the defendant paid $207.00 leaving a balance due the plaintiff of $57.00." The judge disallowed the plaintiff's claim of $82.50 for a helper for 55 hours at $1.50 an hour "finding that such employment was never authorized by the defendant."

The case is before us on an established report, the plaintiff claiming to be aggrieved by the judge's rulings on his requests of which there were ten.

There was no oral argument in behalf of the plaintiff. In his brief he raises but three points. 1. That the plaintiff should have been allowed payment for the total number of 180 hours he testified he worked, rather than for 119 hours which an expert witness

produced by the defendant testified was sufficient for the work done; 2. That the testimony of the expert witness relating to the number of hours should not have been admitted; and 3. That he should have been allowed compensation for a helper.

The defendant filed no brief and was not permitted to argue. Rule 31 of Rules of the District Courts (1952).

As Rule 31 requires that a brief "shall contain the points and authorities upon which the party relies, and his arguments upon them", we treat only with those points which have been raised in the plaintiff's brief and hold the others which are not raised in the brief to have been waived even though involved in the requested rulings which the judge denied. *Heofotistos v. Trustees of New York, New Haven & Hartford Railroad*, 326 Mass. 647, 648.

Under the terms of his agreement the plaintiff was entitled to receive from the defendant $2.00 for each and every hour of work. He was under the obligation to do his work "in a reasonably diligent, skillful, workmanlike, and adequate manner." *Previews Inc. v. Everets*, 326 Mass. 333. There is no evidence reported which tends to show that the work was not skillful and workmanlike. The issue relates to the number of hours, the plaintiff claiming he devoted 180 hours to the work and the defendant offering opinion evidence that a reasonably skilled workman could have done it in 119 hours.

The judge was not required to believe the plaintiff that he devoted 180 hours to the work and in that connection could have found that a lesser number of hours were devoted to the work, basing such a finding not only upon the opinion evidence which the defendant adduced, but also upon his own common experience and general knowledge. *Thibault v. DeVio*, 318 Mass. 605, 606, 607 and cases there collected.

 However, he did not make a finding that the plaintiff had worked only 119 hours. Instead, he found that "the work, on which the plaintiff claims he spent 180 hours should have been performed by a reasonably skilled carpenter in 119 hours . . . ." It can be inferred that the judge meant that 119 hours and not 180 hours were spent on the work, but his finding can also mean that he applied a test which was not according to the agreement. By the terms of the agreement the plaintiff was to be paid $2.00 for every hour he worked regardless of the fact that some other workman or workmen might have done the work in less time. Therefore, on the record before us we cannot say that the plaintiff has not been prejudiced.

We see no error in the finding for the plaintiff in the sum of $8.00 for the work on the store in Franklin, in the finding in the sum of $18.00 for the trips to Franklin, nor in the finding that the defendant has paid the plaintiff $207.00. These findings are to stand. Neither do we see any error in the disallowance of the claim for a helper. The judge found that the employment of the helper was not authorized.

 The principal question under consideration is fairly involved in the plaintiff's requests numbers 3 and 10.

### Plaintiff's Requests for Rulings

No. 3. As a matter of law, the plaintiff is entitled to recover at the rate of $2.00 per hour for himself, and at the rate of $1.50 per hour for the plaintiff's helper, for the number of hours they actually worked, irrespective of any estimates which may have been given, except for work which was to be done for an agreed price on a contract basis.

No. 10. As a matter of law, the plaintiff is entitled to recover for the hours spent on a parti-

cular job, even though that particular job may not have been completed.

The judge noted as to number 3 "No action taken as not applicable to the facts found and set forth below." That was a denial of the request. *Hogan v. Coleman*, 326 Mass. 770, 772. He denied number 10.

An order is to be entered that the case stand for a new trial for the single purpose of determining how many hours the plaintiff devoted to the work on the defendant's house in the town of Norfolk.