THOMAS MURRAY *vs.* FITCHBURG RAILROAD COMPANY.

Worcester. Oct. 5, 1880. — Jan. 10, 1881. COLT & MORTON, JJ., absent.

If the owner of land is disseised while in possession, he may maintain an action of trespass for the act of disseisin; and it is immaterial that the declaration alleges, as aggravation of the entry, acts which the plaintiff is not permitted to prove.

If the report of a case states the nature of the action, and that "the case" is reported for the consideration of this court, the declaration is incorporated into the report.

TORT. Writ dated September 23, 1878. The declaration alleged that the defendant, on January 1, 1877, and on other days and times from that day to the date of the writ, with force

and arms, broke and entered the plaintiff's close in Fitchburg, "and trampled down the grass and herbage growing thereon, and took and carried away the same, and occupied said close with cars, tracks, structures and materials, and hath prevented the plaintiff from using the same as he otherwise might." Trial in the Superior Court, before *Rockwell*, J., who made a report of the case, which, after stating that "this was an action of trespass *quare clausum*," proceeded in substance as follows:

The plaintiff offered evidence tending to show that, in 1877, ne became the owner of the premises in question through mesne conveyances; that in June 1878, while the plaintiff was in the occupation and possession of the premises, claiming title thereto, the defendant entered thereon, claiming title thereto under a lease from the Vermont and Massachusetts Railroad Company, and erected a fence thereon enclosing the premises with other land of the Vermont and Massachusetts Railroad Company, cut down the apple-trees growing thereon, and graded and fitted the premises for the use of the defendant, to be used in connection with the freight-house of the defendant at a station on the line of the Vermont and Massachusetts Railroad; and that this entry and the acts done by the defendant were against the objection and protest of the plaintiff.

The defendant has been in possession of the premises since its entry thereon. The line of the Vermont and Massachusetts Railroad at this point runs through what was the farm of Edwin Upton, who by warranty deed, in 1845, conveyed a certain portion of his farm to that corporation; and the defendant contended that the deed covered the premises in question. This the plaintiff denied. The location of the Vermont and Massachusetts Railroad was filed in 1847, and the defendant contended that it included these premises. The plaintiff contended that it adjoined the premises.

Upon this evidence, the judge ruled that the action could not be maintained; ordered a verdict for the defendant; and, by agreement of parties, "the case is reported for the consideration of the Supreme Judicial Court."

If the plaintiff could not maintain the action, judgment was to be entered for the defendant; otherwise, the verdict was to be set aside, and a new trial granted.

*G. F. Verry & F. A. Gaskill*, for the plaintiff.

*G. A. Torrey*, for the defendant.

LORD, J.  In this case there must be a new trial.  The prop-osition is an entirely plain one, that the owner of land cannot maintain an action of trespass for acts done by a disseisor during his disseisin without a re-entry.  But it is equally clear that, if the owner is in possession of land, the act of disseisin by the disseisor is a trespass for which he has his action, though he may not recover for the mesne profits or intermediate damage during the time he is disseised until he shall by suit or otherwise have regained possession.  *Kennebeck Purchase* v. *Call*, 1 Mass. 483, 486.  *Taylor* v. *Townsend*, 8 Mass. 411.  *Allen* v. *Thayer*, 17 Mass. 299.  *Bigelow* v. *Jones*, 10 Pick. 161.  *Holmes* v. *Seely*, 19 Wend. 507, 509.  *Monckton* v. *Pashley*, 2 Ld. Raym. 974, 977.  3 Bl. Com. 210.

In this case, the plaintiff and defendant each claims title to the fee, and the case finds that the defendant broke and entered the close while the plaintiff was in possession.  If the defendant had a title better than his, it may justify the entry; if the plaintiff's was the superior title, the entry upon his possession was a trespass, for which he may recover in this action.

The defendant contends that the plaintiff has not declared upon the act of disseisin, but upon the acts done after the defendant was in possession; and in support of this position relies on *Bartlett* v. *Perkins*, 13 Maine, 87.  But that case dif-fers widely from this.  That was an action of trespass *quare clausum* by a lessor out of possession, for cutting and carrying away grass.  It is entirely clear that such action cannot be maintained by the lessor for a trespass upon the possession of the lessee; and the fact that the court refused to allow an amendment changing the declaration into one charging a usur-pation of the fee, because it would be a different cause of ac-tion, is unimportant, because in this case the cause of action is properly alleged in the declaration.  The declaration alleges, and the evidence tended to prove, that the defendant violated the plaintiff's possession when it entered and disseised him.  The fact that he has charged, as aggravation of the tortious entry, acts which by the rules of law he is not permitted to prove, will

not prevent his recovery for that trespass, which is well laid in the declaration. See cases cited above.

It seems hardly necessary to notice the point made by the defendant, that the declaration is not incorporated into the report, and that therefore the court cannot see that any, and, if any, what, cause of action is declared on. The report states that it is "an action of trespass *quare clausum*," and concludes, "The case is reported for the consideration of the Supreme Judicial Court." That is sufficient.                    *New trial ordered.*