HALL PUBLISHING COMPANY *vs.* WALDO T. MacLAUGHLIN.

Suffolk.   March 20, 1918. — June 25, 1918.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Municipal Court of the City of Boston,* Appellate Division. *Practice, Civil, Appeal. Words,* "Final decision."

At a trial of an action of contract in the Municipal Court of the City of Boston, the trial judge refused to give certain rulings asked for by the plaintiff, found for the defendant and reported the case to the Appellate Division, who made an order, giving the plaintiff leave to amend the declaration within ten days, in which case there should be a new trial upon the declaration as amended, and ordering that otherwise the report should be dismissed. Within the ten days the defendant claimed an appeal. *Held,* that the appeal claimed must be from that part of the order of the Appellate Division which gave the plaintiff leave to amend in ten days and ordered a new trial if the amendment were made.

An order of the Appellate Division of the Municipal Court of the City of Boston upon a report of an action of contract after a finding for the defendant, that the plaintiff be given leave to amend his declaration within ten days and that, if such amendment be made, a new trial shall be had, but that otherwise the report shall be dismissed, is not within the ten days a "final decision" of the Appellate Division from which only, under St. 1912, c. 649, § 9, an appeal will lie to this court; and a claim of an appeal by the defendant within the ten days must be dismissed.

CONTRACT, with a declaration containing two counts, the second count, upon which only the trial was had, being upon a contract in writing of subscription to a book entitled "History of Aleppo Temple," to be published by the plaintiff. Writ in . the Municipal Court of the City of Boston dated January 11, 1917.

The judge of the Municipal Court before whom the action was tried refused certain rulings asked for by the plaintiff, found for the defendant and reported the case to the Appellate Division, who made the following order on October 25, 1917: "The plaintiff is given leave to amend the second count of its declaration, in accordance with opinion filed herewith, within ten days after the entry of this order; if such amendment be made, a new trial is granted upon such amended count, otherwise the report is dismissed."

On November 1, 1917, the defendant filed a claim of appeal from the foregoing order.

*E. M. Schwarzenberg,* for the defendant.

*E. E. Wakefield, Jr.,* for the plaintiff.

RUGG, C. J. This action at law was commenced in the Municipal Court of the City of Boston. When it came on for trial the judge refused to grant two requests presented by the plaintiff for rulings of law, and found for the defendant. The case was taken to the Appellate Division, which granted leave to the plaintiff to amend its declaration within ten days, otherwise the report was to be dismissed. The defendant claimed an appeal before the expiration of ten days.

The defendant was not aggrieved by so much of the order of the Appellate Division as directed that the report be dismissed if the plaintiff did not avail itself of the privilege granted it to amend the declaration. If the plaintiff does not so amend, then final judgment will be entered in favor of the defendant. Manifestly he could not appeal from a decision in his favor. Although St. 1912, c. 649, § 9, does not expressly confine the right to appeal to this court to parties aggrieved by the decision of the Appellate Division, such limitation is a necessary implication. It is contrary to fundamental principles of the administration of justice that the prevailing party may continue litigation when his opponent abides by an adverse decision.

Therefore, this in substance is an appeal from a decision per-

mitting a plaintiff to amend the declaration. Ample power is conferred upon courts to grant leave to amend pleadings. Orders allowing such amendments ordinarily rest in sound, judicial discretion and are not subject to review. *Lowrie* v. *Castle*, 225 Mass. 37, 39. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6.

Moreover, this was not in any aspect a "final decision" of the Appellate Division, from which alone appeal lies. *Real Property Co. Inc.* v. *Pitt, ante*, 526.

Without intimating whether the ruling was right or wrong, the entry must be

*Appeal dismissed.*