WILLIAM H. WRIGHT *vs*. IDA S. GRAUSTEIN.

Suffolk.     December 11, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Assignment*, Right of counter claim against assigned claim. *Damages*, In recoupment.

In an action of contract by one, both as an individual and as an assignee of claims of several persons, for milk sold and delivered to the defendant by the plaintiff and his assignors, a judge of a municipal court found that the plaintiff and his assignors had made contracts with the defendant to sell to him all the milk they produced and had broken those contracts, causing damage to the defendant. The Appellate Division

ordered a new trial. The record disclosed no evidence of the express contracts, which the judge had found to exist. *Held,* that the order of the Appellate Division was warranted.

An action of contract was upon an account annexed, one of the items of which was for milk sold and delivered by the plaintiff personally to the defendant. The defendant was entitled by reason of a breach of the contract of sale to have the plaintiff pay him damages in an amount in excess of the claim shown by this item. Other items of the declaration were based upon claims for milk sold and delivered to the defendant by other persons, who had assigned their claims to the plaintiff. The defendant had no claims against such persons for breach of the contracts of sale. *Held,* that the defendant was not entitled to recoup against the claims so assigned to the plaintiff the excess of the damages, sustained by him by reason of the plaintiff's breach of contract, over the amount necessary to discharge the plaintiff's individual claim.

CONTRACT upon an account annexed described in the opinion. Writ in the Municipal Court of the City of Boston dated October 5, 1916.

Proceedings, evidence, and facts found at the trials in the Municipal Court, and successive orders by the Appellate Division are described in the opinion. From orders directing a new trial after the first trial and dismissing a report after the third trial, the defendant appealed.

*W. A. Graustein,* attorney in fact for the defendant.

*F. W. Campbell,* for the plaintiff.

PIERCE, J. This action, brought in the Municipal Court of the City of Boston, is one in which the plaintiff seeks to recover in a declaration upon an account annexed, for milk sold and delivered by the plaintiff and seven other persons who assigned in writing their claims to him before the action was commenced. The plaintiff waived at the hearing in the Municipal Court items eight and ten in the account annexed.

The defendant's answer is a general denial, payment and recoupment. The answer in recoupment is that the defendant on or about April 1, 1916, entered into several oral contracts with the plaintiff and with each of his assignors, to wit: Edward T. Stevens, Dana H. Jennison, E. E. Putnam, Lynn W. Fullam, Ray D. Metcalf, W. W. Davis and Frank H. Farr, to purchase from each of said persons all the milk which they should produce on their farms respectively,

between the first day of April and the first day of October, 1916; that the plaintiff and his assignors on or about May 3, 1916, severally refused to sell or deliver milk to the defendant; that the defendant has always been ready and willing to perform her part of said contracts and each and all of them with the plaintiff and his said assignors; and that by reason of said breaches of said contracts by the plaintiff and his assignors, the defendant has been greatly damaged in her business, and has suffered great loss, and claims to offset the amount of said damages, and by way of recoupment or counterclaim against the cause and causes of action alleged against her by the plaintiff.

The action comes before this court upon two appeals of the defendant from two orders of the Appellate Division of the said Municipal Court. The report of the first trial states that it contains all the evidence material to the issues and to the findings of the judge. It also states, and the defendant does not otherwise contend, that the defendant admitted at the trial the sale and delivery to her of the quantity of milk declared for in items one to seven and nine of the account annexed, and further states that the defendant at the trial did not question the quality of the milk or the validity of the several written assignments. After the trial and arguments, the judge found that the plaintiff and his assignors of the several claims sued on had made contracts with the defendant, in substance, to sell and deliver milk to the defendant from April 1 until October 1, 1916; that the plaintiff and his assignors refused and failed to deliver milk as agreed between May 3 and October 1, 1916; and found as a result of such failures that the defendant suffered damage which is specified in each contract, other than upon the contracts of Davis and Putnam, in excess of the respective claims and largely in excess of the plaintiff's combined claims. The judge found for the defendant and reported the case as requested by the plaintiff to the Appellate Division. That division ordered a new trial and the defendant duly appealed to this court.

The action of the Appellate Division was right. The reported evidence, which was all the evidence material to

the findings of the judge, afforded no justification for the finding that " the plaintiff Wright and his assignors of the claim sued on . . . made contracts with the defendant to sell all the milk they produced," in the terms which are narrated in the first and second paragraphs of the findings of the judge.

At a second trial a judge found that the plaintiff was entitled to recover on account of the claims of Stevens, Putnam, Fullam, Metcalf, Davis and Farr the sum of $211.08; that Wright (the plaintiff) was entitled to recover for milk sold and delivered and for personal services in shipping milk to the defendant, $66.94; and that the assignor Jennison had a claim under a contract with the defendant of $52.25. At the trial the judge found that the plaintiff and one of his assignors, Dana H. Jennison, were still under contract to deliver milk to the defendant at the time the relations between them ceased. Nevertheless the judge found for the plaintiff, and upon request of the defendant reported the case for review to the Appellate Division. That court sent the case back for a new trial to be confined to the question of the damages to which the defendant is entitled by way of recoupment in answer to the claims of Wright and Jennison. The Appellate Division in its opinion states: " the only issue to be retried in recoupment under the rule above laid down, viz: that the difference between the contract price at the time and place of delivery and the market price at that time and place, or, if there was no market then in that place, the price at that time, in the nearest available market, is to be taken as the measure of damages with an allowance for the increased or diminished cost of transportation." Thereafter there was a new trial confined to the issue as above set forth.

The judge finds that the defendant suffered a total loss of $353.10 by reason of Wright's failure to carry out his contract; and that she suffered a loss of $241.13 by reason of Jennison's breach of contract. He ruled that the plaintiff was entitled to recover $211.08 " under claims assigned to him for collections by . . . Stevens, Putnam, Fullam, Metcalf, Davis and Farr; " that he was not entitled to re-

cover anything from the defendant under his personal contract to sell milk to her and transport the milk of other dealers; that the plaintiff was not entitled to recover anything against the defendant as assignee of Jennison; and that the defendant had not the right to recoup her damages, sustained from Wright's breach of his contract with her, against the amount due Wright as assignee of the claims of Stevens, Putnam, Fullam, Metcalf, Davis and Farr.

The defendant requested the trial judge to rule:

" 1. The defendant is entitled to judgment on her claim in recoupment."

" 4. The defendant is entitled to recoup against Wright as the owner by assignment of the claims of Stevens, Putnam, Davis, Metcalf, Farr and Fullam any excess of the damage caused to the defendant by Wright's breach of contract with the defendant and not necessary to offset and extinguish Wright's individual claim as in No. 3.

" 5. As the plaintiff is a nonresident, the defendant may offset against his claims, both individual and assigned, the amount of any damage found to have been caused by the plaintiff to the defendant by the breach of his contract."

With respect to these requests the judge ruled " that the defendant is entitled to judgment under her plea in recoupment to the extent only of the amount of damages which the plaintiff would otherwise be entitled to recover under his personal contract with the defendant and also under the contract between the defendant and plaintiff's assignor, Jennison." He found for the plaintiff in the sum of $211.08, and at the request of the defendant reported the case to the Appellate Division; which division, after hearing, ordered the report dismissed. The defendant thereupon duly appealed to this court.

The sole question presented on this appeal is whether the defendant was entitled to have any excess of damages, caused by Wright's breach of contract with the defendant, not necessary to offset and extinguish Wright's individual claim recouped as against Wright as the holder of claims above enumerated of $211.08. The six claims against the defendant assigned to the plaintiff in origin were distinct

and independent the one from the other. The assignment to the plaintiff did not transfer to him the legal title to them discharged of the defences and rights of counterclaim, recoupment, or set-off, to which the defendant would have been entitled had these several rights of action been brought in the names of the individual assignors. G. L. c. 231, § 5. In each claim the measure of the defendant's relief in recoupment against the assignor of the claim was limited, by way of reduction of damages, to the amount of that claim; and no judgment could have been entered against such an assignor for any excess of damage sustained by the defendant over the amount necessary to discharge that particular claim. *Cox* v. *Wiley*, 183 Mass. 410, 413. *Bennett* v. *Kupfer Brothers Co.* 213 Mass. 218, 220. *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43. *Barnett* v. *Loud*, 226 Mass. 447, 450. The fact that Wright became the owner of all the claims cannot serve in recoupment to make such combined claims bear the burden of a set-off, which would not have attached to them separately had each of them been assigned to different assignees.

It results that the entry must be, order dismissing report affirmed.

*So ordered.*