JOHN E. DANIELS *vs.* CELIA COHEN.

Suffolk.　　March 7, 1924. — May 27, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*District Court*, Appeal, Appellate Division. *Landlord and Tenant*, Landlord's breach of agreement to repair. *Damages*, For breach of contract. *Practice, Civil*, Law of the case, Amendment.

A ruling of the Appellate Division of the Municipal Court of the City of Boston on a report to it of a trial of an action of contract, remanding the case for trial solely on the question of damages, became the law of the case and left open for trial only the question as to the amount of damages to which the plaintiff was entitled.

Where, after a hearing by the Appellate Division of the Municipal Court of the City of Boston of a report by the trial judge of an action for breach of an oral agreement by a lessor of real estate to make repairs, the action was ordered retried solely on the question of damages, and evidence was introduced without exception at the second trial showing that the defendant's promise to make " certain repairs " was not carried out, requests by the defendant bearing on the contradiction of " the evidence thus introduced by the parties heretofore and reported in the trial justice's ' Report ' " properly were refused.

The measure of the damages to which the plaintiff was entitled for breach of the contract above described was the difference between the value of the unrepaired premises which he received and the repaired premises to which he was entitled; and it could not be ruled as a matter of law that the plaintiff was entitled only to nominal damages.

After an order by the Appellate Division of a municipal court directing the retrial of an action, a trial judge allowed a motion by the plaintiff to amend his declaration, and, at the request of the defendant, filed

a report with the Appellate Division of his ruling allowing the amendment. The defendant then objected to proceeding with the further trial of the case upon the amended declaration until such report was disposed of by the Appellate Division. The trial judge ruled that the report as to the amendment to the declaration was interlocutory only, and ordered the trial to proceed. *Held,* that the ruling of the trial judge was correct.

One day after the filing of an order by the Appellate Division of a municipal court directing an action of contract to be retried on the question of damages only, the plaintiff filed a motion for an amendment of the declaration. Five months later, the trial judge allowed the motion as of the date of its filing. *Held,* that the judge had power thus to allow the motion *nunc pro tunc.*

CONTRACT OR TORT for damages arising out of the " alleged breach of an oral agreement to make repairs as a part of the consideration to enter into a written lease." Writ in the Municipal Court of the City of Boston dated April 15, 1922.

Material evidence and material rulings of law at the second trial of the action in the Municipal Court, after an order of the Appellate Division dated October 20, 1922, directing such trial to be confined to the question of damages only, are described in the opinion. The trial judge found for the plaintiff in the sum of $200 and reported the action to the Appellate Division, who ordered the report dismissed.

*B. Ginsburg,* for the defendant.

*D. Stahl,* (*J. W. Tushins* with him,) for the plaintiff.

CARROLL, J. The report states that the action is one of contract or tort for the " alleged breach of an oral agreement to make repairs as a part of the consideration to enter into a written lease "; it also states that " At a former trial there was a finding for the plaintiff in contract and on appeal to the Appellate Division the case was remanded back for new trial solely on the question of damages." There was a finding for the plaintiff. In the Appellate Division the report was dismissed. The case is here on the defendant's appeal. The declaration alleges that the defendant agreed with the plaintiff, as a consideration for entering into a written lease, to make certain repairs, which agreement was not fulfilled. There was no appeal from the decision of the Appellate Division remanding the case for trial solely on the question of damages. This ruling became the law of the

case and the only question open was the amount of damages to which the plaintiff was entitled. See *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 241; *Morel* v. *New York, New Haven & Hartford Railroad,* 238 Mass. 392, 394. The evidence at the second trial showed that the defendant's promise to make " certain repairs " was not carried out. To this evidence no exception was taken, and the defendant's requests bearing on the question of the contradiction of " the evidence thus introduced by the parties heretofore and reported in the trial justice's 'Report'" were refused properly. There were no facts to which the requests could be applied, and the record does not show that the defendant introduced any evidence of what had taken place at the former trial on this question.

The written lease provided that the plaintiff was to pay $75 a month for the premises; and it was stipulated in the lease that " said rental is a fair and reasonable rental for the apartment mentioned above, inasmuch as certain repairs in said apartment would not otherwise be made by the lessor." The plaintiff was not required to make repairs; he could if he wished occupy the premises without doing this work, and the measure of his damages was the difference in value of the premises he received and those to which he was entitled. See in this connection *Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.* 144 N. Y. 34, 47; *Lewis & Co.* v. *Chisholm*, 68 Ga. 40, 46; *Biggs* v. *McCurley*, 76 Md. 409, 415, 416; *Kellogg* v. *Malick*, 125 Wis. 239, 246. The requests that the plaintiff could recover only nominal damages were refused properly.

Some of the defendant's requests refer to evidence in the case, and were presented after the evidence had been introduced, without objection. There was no error in refusing these requests. *Doon* v. *Felton*, 203 Mass. 267, 272. See *Putnam* v. *Harris*, 193 Mass. 58; *Everson* v. *Casualty Co. of America*, 208 Mass. 214, 218.

It also appeared that the defendant objected to proceeding to trial when there was pending a report based on the allowance of an amended declaration. The trial judge ruled that this report on the amended declaration was inter-

locutory.   There was no error in proceeding to trial.   By G. L. c. 231, § 108, a report to the Appellate Division can be made only " when the cause is otherwise ripe for judgment " or by " consent of the justice hearing the same "; see *Hall Publishing Co.* v. *MacLaughlin*, 230 Mass. 534. The amended declaration was filed October 21, 1922; and on March 29, 1923, was allowed as of the date of the filing. The decision of the trial judge in the report before us was filed on September 4, 1923, and the report was dismissed on November 16, 1923.   It was within the power of the single judge to allow the amendment by an entry *nunc pro tunc.* See *Perkins* v. *Perkins*, 225 Mass. 392; *Churchill* v. *Churchill*, 239 Mass. 443.

Questions arising at the first hearing before the Appellate Division are not before us.   No error is disclosed on this record.

*Order dismissing the report affirmed.*