JOHN W. MATSON *vs.* AMEDEO SBREGA.

Worcester. October 14, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*District Court*, Appellate Division: appeal.

If an appeal from an order of an appellate division reversing a ruling by a judge of a district court and ordering a new trial of an action is entered in this court before any further proceedings in the case, it is entered prematurely.

TORT for damages resulting to the plaintiff's pool room and bowling alley by reason of water leaking from premises above which were occupied by the defendant as a " restaurant and soft drink parlor." Writ in the First District Court of Northern Worcester dated September 5, 1923.

In the District Court, the judge gave a request by the plaintiff numbered 2 as follows: " The defendant occupying as a tenant a part of the building in question is responsible for damages sustained by the plaintiff on account of the leaking of water and dampness caused thereby from water pipes and soda fountain, over which pipes and soda fountain the defendant had control."

The trial judge found for the plaintiff in the sum of $750 and reported the action to the Appellate Division of the Western District, who ordered as follows: " Ruling upon plaintiff's request numbered 2 reversed; new trial to be had of whole case." The plaintiff appealed " from the decision of the Appellate Division in finding and deciding ' that there was reversible error in the giving by the trial court of plaintiff's request numbered 2 ' and ordering ' Ruling upon plaintiff's request numbered 2 reversed; new trial to be had of whole case.' "

The case was submitted on briefs.

*J. G. Annala,* for the plaintiff.

No person was present to argue and no brief was filed in behalf of the defendant.

RUGG, C.J. This case originated in the First District Court of Northern Worcester. Rulings of law made at the trial were reported for review. The Appellate Division of the Western District reversed one of those rulings and ordered that a new trial be had of the whole case. The plaintiff appealed from that decision and has entered the appeal in this court without awaiting the result of the new trial in the district court thus ordered by the Appellate Division.

The case is entered prematurely in this court. There must be a final and complete decision upon the merits of the whole controversy, so that, if there should be affirmance here, the district court would have nothing to do but to execute the judgment rendered. An order by the Appellate Division, if equivalent to a final settlement of the controversy, even though contrary to the decision of the judge of the district court, is sufficient basis for immediate entry of appeal in this court; *Loanes* v. *Gast,* 216 Mass. 197, 199,

*Britton* v. *Goodman,* 235 Mass. 471; but an order by the Appellate Division for a new trial of facts in the district court is not a basis for the immediate entry of appeal in this court. The case at bar is governed in every particular by *Real Property Co. Inc.* v. *Pitt,* 230 Mass. 526, where the subject is discussed at large, and the authorities collected. *Hall Publishing Co.* v. *MacLaughlin,* 230 Mass. 534. *Georgia Railway & Power Co.* v. *Decatur,* 262 U. S. 432, 437. *Arnold* v. *Guimarin & Co.* 263 U. S. 427, 434. Illustrations of correct practice in accordance with the principles declared in *Real Property Co. Inc.* v. *Pitt* are found in *Kenyon* v. *Suburban Realty Corp.* 244 Mass. 571, *Downey* v. *Levenson,* 247 Mass. 358, *Wright* v. *Graustein,* 248 Mass. 205.

*Appeal dismissed.*