ENDICOTT JOHNSON CORPORATION *vs.* SAMUEL HURWITZ.

Worcester.   September 25, 1933. — November 14, 1933.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Appellate division: appeal.

No appeal lies to this court from an order by an appellate division of a district court reversing an order by a judge of the district court denying a motion, filed by the plaintiff after the defendant in an action of contract begun by trustee process had been defaulted, that the trustee be ordered further to answer interrogatories put to him by the plain-

tiff, such order by the trial judge being interlocutory only and the order by the Appellate Division not being a "final decision" under G. L. (Ter. Ed.) c. 231, § 109.

CONTRACT. Writ in trustee process in the Central District Court of Worcester dated August 3, 1931.

Proceedings in the District Court and Appellate Division for the Western District relating to answers by the alleged trustee, Maurice Jaffe, and an order by the Appellate Division reversing an order by *Hartwell*, J., on that subject are described in the opinion. The trustee appealed from the order of the Appellate Division.

The case was submitted on briefs.

*S. H. Jaffee*, for the trustee.

*J. Wasserman & H. Klein*, for the plaintiff.

CROSBY, J. In this action of contract the plaintiff seeks to recover the sum of $772.87 for goods sold and delivered to the defendant. The action was commenced by a trustee writ in which one Maurice Jaffe, as assignee for the benefit of creditors of the principal defendant, was summoned as trustee. The defendant filed an answer, and the trustee answered "no funds." Thereafter the plaintiff filed interrogatories to the trustee and to the defendant. The defendant was defaulted for failure to answer. The trustee answered the first nineteen of twenty-three interrogatories propounded to him, the answers.in substance being that the defendant for the benefit of his creditors made an assignment to the trustee, under which he took possession of the defendant's assets and sold them at auction for $1,125. The four remaining interrogatories the trustee declined to answer on advice of counsel on the ground that they were immaterial. The judge allowed the plaintiff's motion that the trustee make further answer to these interrogatories. Thereafter the trustee filed two motions, one for a rehearing upon the plaintiff's motion for further answers, and also a motion that the order of the court be stayed until a rehearing was had on the plaintiff's motion for further answers. The latter motion was allowed, and there was a hearing on the former on June 22, 1932. On July 22, 1932, the motion for further answers to interrogatories was denied. As the

plaintiff claimed to be aggrieved by the rulings and refusals to rule, the trial judge reported the case to the Appellate Division. The latter found that there was prejudicial error in the refusal of the trial court to allow the plaintiff's motion for further answers to interrogatories 21 and 22, and ordered the case remanded to the trial court for appropriate action.

G. L. (Ter. Ed.) c. 231, § 109, provides in part as follows: "An appeal to the supreme judicial court shall lie from the final decision of the appellate division of any district court. . . ." It thus appears that an appeal will lie only "from the final decision of the appellate division." Accordingly it was held in *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526, that the final decision of the Appellate Division of the Municipal Court of the City of Boston under St. 1912, c. 649, § 9, which is now embodied in G. L. (Ter. Ed.) c. 231, § 109, "means a decision which leaves nothing more open to dispute and which sets controversy at rest." In that case it was said at pages 527–528, that "Parties litigant have never been given the right to enter in this court exceptions or appeals relating to interlocutory matters until the case is ripe for final disposition in the court where it is pending. . . . The words 'final decision' in this statute are not rationally susceptible of meaning any decision made by the Appellate Division which is final so far as concerns its action upon the record before it, but which is not final as to the merits of the controversy. The finality of the decision, which is the foundation of an appeal to this court, does not relate to the determination of the Appellate Division upon a particular aspect of the case presented to it, but to its effect upon the issues raised in the case. The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court, and not whether it is the last word of the Appellate Division on the particular aspect of the litigation at the moment pending before it, directing additional proceedings before the trial judge in order that a final conclusion may thereafter be reached."

The refusal of the trial judge to require the trustee to answer further the interrogatories related solely to interlocutory matters which were not final as to the merits of the litigation. It follows that the decision of the question presented from which the appeal was taken was not a "final decision" within the meaning of the statute, and for that reason no appeal lies to this court. The case at bar is completely covered by *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526. See also *Hall Publishing Co.* v. *MacLaughlin*, 230 Mass. 534; *Matson* v. *Sbrega*, 250 Mass. 138; *Demers* v. *Scaramella*, 252 Mass. 430; *Buchannan* v. *Meisner*, 279 Mass. 457, 458, 459. Compare *Brooks* v. *Shaw*, 197 Mass. 376.

*Appeal dismissed.*