EMILY C. HAMMOND *vs.* THE BOSTON TERMINAL COMPANY.

Suffolk.    April 7, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Appellate Division: appeal.

An appeal by a defendant from a decision by an appellate division respecting answers to interrogatories must be dismissed where it was followed by a default and assessment of damages which were not reported to the appellate division, such appeal not being from a "final decision of the appellate division" as required by G. L. (Ter. Ed.) c. 231, § 109.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated January 7, 1935.

The defendant appealed only from an order by the Appellate Division upon a report by *Duff*, J., of his ruling relating to interrogatories filed by the plaintiff.

*A. W. Blackman*, for the defendant.

*R. I. Hunneman*, for the plaintiff.

RUGG, C.J.    This is an action of tort or contract brought in the Municipal Court of the City of Boston to recover damages for the loss of certain luggage and other personal property.    The plaintiff filed interrogatories to be answered by some officer of the defendant.    Such officer answered some interrogatories and declined, on advice of counsel, to answer others.    Subsequently, the plaintiff filed a motion to strike out one answer and parts of other answers.    This motion was granted in part and denied in part.    The plaintiff duly filed a request for a report to the Appellate Division and rulings thereupon were reported.    The Appellate Division, on January 31, 1936, sustained certain contentions and denied other contentions of the plaintiff.    The defendant, on February 5, 1936, claimed an appeal from the decision of the Appellate Division.    Some additional answers to interrogatories were filed by the defendant on February 14, 1936.    Motion to default the defendant for failure to answer further the interrogatories was filed on February 19, 1936, and two days later the defendant was defaulted for such failure.    Damages were assessed on March 5, 1936.    According to the docket entry of that date, an agreement as to damages was filed.    The interrogatories related to the liability of the defendant and not to the damages sustained by the plaintiff.    So far as appears from the record, no request was made by the defendant for report to the Appellate Division of any ruling or rulings made by the trial judge after the decision of the Appellate Division on January 31, 1936.    The default and assessment of damages have not been presented to the Appellate Division for determination.

It is provided by G. L. (Ter. Ed.) c. 231, § 109, that an "appeal to the supreme judicial court shall lie from the final decision of the appellate division."    A "final decision" is one which leaves nothing open to further dispute and

which sets at rest the cause of action between the parties. The only decision of the Appellate Division shown on the present record relates to an interlocutory matter and not to a matter which is determinative of the merits of the issues raised in the action. The appeal must therefore be dismissed. *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526. *Matson* v. *Sbrega*, 250 Mass. 138. *Demers* v. *Scaramella*, 252 Mass. 430. *Endicott Johnson Corp.* v. *Hurwitz*, 284 Mass. 378. *Cunniff* v. *Cleaves*, 288 Mass. 325. The defendant is not aided by St. 1931, c. 325, amending G. L. c. 231, § 108. *Krock* v. *Consolidated Mines & Power Co. Ltd.* 286 Mass. 177.

An appeal from a decision of the Appellate Division brings to this court for consideration "only the rulings of law made by the trial judge and reported by him to the Appellate Division, and the action of the Appellate Division" with reference to those rulings. *Mass. Building Finish Co. Inc.* v. *Brenner*, 288 Mass. 481, 484. From the history of the course of this action already narrated, it seems plain that the interrogatories and answers thereto were not offered in evidence, because the defendant was defaulted and damages were assessed by agreement. Therefore, the defendant suffered no harm from any alleged errors concerning the interrogatories. *Wakeley* v. *Boston Elevated Railway*, 217 Mass. 488, 491. On that ground, also, the alleged errors of law of the Appellate Division need not be considered.

*Appeal dismissed.*