Jones, P. J.
This is an action of contract in which there has been a finding for the defendant. After this finding plaintiff filed a motion for a new trial. Among the grounds for a new trial was the fifth reason that there should be a new trial “in order to prevent a failure of justice”. Upon these grounds the motion was allowed. The defendant now claims that this order was error, and that the trial court had no right so to do. This at once challenges the power of the trial court to allow this motion.
The power of the court in such a case is found in c. 231, §108 of the G. L. Ter. Ed. which has a provision applicable hereto, viz:
“If a single justice is of opinion that an interlocutory finding or order made by him ought to be reviewed by the appellate division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties”.
The plaintiff does not seem to have any standing in this, ease. The order made in this case and here for review was an interlocutory order only. It ordered only that the finding for the plaintiff be set aside and a new trial had. This was not a final order.. It was fully authorized by Rule XXVI of the Rules of the District Courts, 1932 Ed., G. L. (Ter. Ed.) c. 231, §129. If the single justice who made the order was of the opinion that the finding or order made by him should be reviewed by the Appellate Division before . any proceedings in the trial court he should have reported the case for that purpose and stayed all proceedings except those that are necessary to preserve the rights of the parties. This he failed to. do. Daniels v. Cohen, 249 Mass. *81 363, 365. Under G. L. (Ter. Ed.) c. 231, §108, the report to the Appellate Division can he made only when the case is otherwise ripe for judgment or by the consent of the justice hearing the same and for the purpose aforesaid.
The allowance of the plaintiff’s motion presents no error of law. It was within the sound discretion of the trial judge. No judgment had been entered in the case.
The vacating of the finding was in the sound discretion of the trial judge. G. L. (Ter. Ed.) c. 231, §129. Buie XXVI of the Rules of the District Courts, 1932 Ed. McKinley v. Warren, 218 Mass. 310, 311; Malden Trust Co. v. Perlmuter, 278 Mass. 259.
Therefore, we are of the opinion that, this case presents only the action of the court upon an interlocutory matter which in no wise determines the controversy between the parties. No final decision within the meaning of the case is before us for our consideration. If the single justice in setting aside his original finding thought his interlocutory order to this effect should have been reviewed by this division he should have so reported the case. G. L. (Ter. Ed.) c. 231, §108. East Hampton Bank v. Collins, 287 Mass. 218.
Practically a similar question arises upon appeal from this division to the Supreme Judicial Court and the rule there on similar questions is as above stated. Endicott Johnson Corporation v. Hurwitz, 284 Mass. 378, 380; Hammon v. Boston Terminal Co., Mass. Adv. Shts. (1936) p. 1997; Durfee Trust Co. v. Turner, Mass. Adv. Sh. (1938) 173.
The question involved in this report, if properly saved in the court of trial, can come up with any issue that may arise in the trial on the merits of the case.
An order dismissing the report will be made.