Pettingell, J.
This is an action of tort. On the same day that the writ was entered, the defendant filed a suggestion of bankruptcy. Later, he filed a motion ‘£ to strike the case from the list pending a determination of the defendant’s discharge in Bankruptcy”. The trial judge denied the motion. The defendant claimed a report on the denial and now brings the issue to the Appellate Division.
The motion to strike the case from the list, although ambiguous both in expression and in purpose, was apparently intended to ensure the action’s being placed on an inactive list, or in a condition of suspense, while the bankruptcy proceeding was pending. Whether or not the defendant was of right entitled to such procedure, is not, however, *480 the present issue, which is whether or not the case is properly here at this time.
Under the original statute, now G. L. (Ter. Ed.) C. 231, Section 108, an appeal to an appellate division is possible when the action is ripe for judgment. An appeal before that stage of the case is premature. Real Property Co. Inc. v. Pitt, 230 Mass. 526, at 527. Hall Publishing Co. v. MacLaughlin, 230 Mass. 534, at 536. Doniels v. Cohen, 249 Mass. 362, at 364, 365. Endicott Johnson Corp. v. Hurwitz, 284 Mass. 378, at 381.
In the original statute, there was no provision for an appeal on issues purely interlocutory; as to such an issue it was necessary, after reasonably claiming a report, to allow it to remain in abeyance until the case was ripe for judgment, when it properly might be included in a report to the appellate division.
St. 1931, C. 325, Section 1 amended the original act by providing that, if the trial justice, “is of opinion that an interlocutory finding or order made by him ought to be reviewed * * * before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings * *
Assuming but not deciding, that the report in this case is a report by the trial judge under the amended statute, it is apparent that it relates to an interlocutory matter only, that the action in the trial court has not yet reached a “final decision”, and that the case is not yet “ripe for judgment.”
St. 1931, C. 325, Section 1 has been passed upon by the Supreme Court in Krock v. Consolidated Mines & Power Co., 286 Mass. 177. In the opinion in that case it was said, at pages 179,180:
“The power under the statute to report the case does not confer a right to report all interlocutory or subsidiary rulings which are not determinative of the ease. <-It cannot be presumed that it was the legisla *481 tive purpose to confer appeal from the Appellate Division upon a far broader range of matters than is allowed as of right to litigants in the Superior Court’ * * * If this case was sent to the Appellate Division under G. L, (Ter. Ed.) C. 231, Section 108, it is sufficient to say that the defendant failed to perfect its rights within the time limited by the statute. If it was reported under St. 1931, C. 325, Section 1, it does not present a question of law within the meaning of that statute.” See, also, Hammond v. Boston Terminal Co., 295 Mass. 566, at 567, 568.
In our opinion, the issue presented by the report is not “determinative of the case”, and is not, therefore, an interlocutory matter within the meaning of St. 1931, C. 325, Section 1.
For that reason the ease is prematurely here, and no issue is raised for this Division to pass upon. The report is to be dismissed.