Wilson, J.
This is an action of contract in which the plaintiff seeks to recover the sum of $1000.00 under an agreement with defendant’s testator that said sum should become due and payable at the testator’s death. There was an answer in abatement which, after hearing, was denied, and an answer of general denial was also filed.
At the trial, there was evidence which taken in its aspect most favorable to the prevailing party (see Buswell v. Karjavainen, 289 Mass. 419) tended to show that on or about October 25, 1938, the plaintiff was the owner with his two *209 brothers of certain real estate in Lexington which had been devised to them by their mother and was subject to a life estate of their sister; that the plaintiff and Ms brothers each owned a one-third interest in the remainder. For reasons which are more particularly set out in the report, the defendant’s testator, the father of the plaintiff, wanted to buy said property, and, thereupon, good and sufficient-conveyance was made by the life tenant and said owners of the remainder to the father; that the sum of $1000.00 was agreed to be paid by the father to each of said sons; that the purchase price of said property was not evidenced by a note or notes, but was described in a mortgage deed of the premises duly executed by the defendant’s testator to the plaintiff and his brothers for $3000.00; that by the terms of said mortgage, the principal sum became due and payable if the defendant’s testator should attempt to sell, assign or transfer said property, or in any event upon the death of said mortgagor, and said amount was to be without interest until the death of the mortgagor, after which time interest was to run.
The trial court found for the plaintiff.
At the close of the evidence and before arguments, the defendant presented eight requests for rulings of law. The trial court allowed the second, third, fifth, sixth and eighth, and disallowed the first, fourth and seventh, which, are as follows:
“1. The evidence is insufficient to warrant a finding for the plaintiff. 4. The writ on its face is not one against the estate and does not bring the estate into Court. 7. The evidence is sufficient to warrant a finding for the defendant.”
The court also made the following findings of fact:
“I find as a fact that prior to October 25, 1938, the plaintiff was the. owner of a one-third undivided inter *210 est in certain' real estate situated in Lexington, that on or about said date he agreed to convey said interest in said property to his father, the defendant’s testator, for the sum of one thousand dollars ($1000) which was to become due and payable if the defendant’s testator should attempt to sell, assign or transfer said property or upon the death of the defendant’s testator.
“I find as a further fact that said obligation was not represented by a note but was incorporated in a mortgage instrument executed by the defendant’s testator on October 25, 1938, and recorded in Middlesex South Registry of Deeds, on November 16, 1938; that upon the death of the defendant’s testator, the plaintiff made demand for payment which was refused. I find also that the writ is in proper form and that the plaintiff is entitled to recover $1000 together with interest.”
We consider the defendant’s first and seventh requests together.
The first request could not be given, if upon any view of the evidence a finding for the plaintiff was permissible. Milmore v. Landau, 307 Mass. 589, 590. Forbes v. Gordon & Gerber, Inc., 298 Mass. 91, 94, 95. Memishian v. Phipps, 311 Mass. 521.
It was error to deny the seventh request unless the trial judge, by a statement of findings of fact, sufficiently showed that he had considered said request had become irrelevant or immaterial. Bresnick v. Heath, 292 Mass. 293, 298. Strong v. Haverhill Electric Company, 299 Mass. 455, 456. Marquis v. Messier, 303 Mass. 553, 555. Hurley v. Ornsteen, 311 Mass. 477, 480. Ajax Shoe & Leather Co. v. Selig, 305 Mass. 389 Mass. 391, 392. Memishian v. Phipps, 311 Mass. 521, 523.
The real question, which presented itself to the trial court, was whether there was a real sale of the Lexington property by the sister and brothers to their father and a mortgage to the brothers by the father for the purchase price? Wheth *211 er the transaction was a sale or the mortgage was solely for the purpose of permitting- the father to have the use of the property and yet have the interest of the sons protected in case the father should see fit to dispose of the property without their consent, was a question of fact for the trial court. Unless he was plainly wrong, his findings in that regard will not be disturbed. MacLeod v. Davis, 290 Mass. 335, 338, and cases there cited. Herman v. Sadolf, 294 Mass. 358, 360. This is particularly true where the evidence, as here, was contradictory. Engel v. Checker Taxi Co., 275 Mass. 471.
We must, therefore, conclude that there was a bona fide sale to the father of the Lexington property. The entire purchase price was a debt of the father to his sons, payable as hereinbefore described.
This debt could be found to be an obligation of the father’s estate to the sons. It could be found to be an obligation of said executor to pay to each son that proportion of the whole amount of said debt that each had in the title to the real estate conveyed by them. Park v. Parker, 216 Mass. 405, 408.
The instant case is an action on the debt itself. It is not an attempt to apply the security to the payment of the debt. The plaintiff was not obliged to look to the security, the mortgage, but could proceed directly against the testator’s estate upon the debt of the testator. Miller v. Levitt, 226 Mass. 330, 331. Tourtellotte v. Saulnier, 267 Mass. 361, 362, 364.
We do not think the subject matter of the defendant’s fourth request is now open to him, for two reasons.
(1) Rule 28 of District Courts (1940) provides:
“Copies of the writ or any pleading necessary for the understanding or decision of the questions involved shall be annexed to or incorporated in the report. Pa *212 pers on file in the case may not be incorporated by reference except by permission of the Appellate Division.”
No copy of the writ was annexed to the report, nor was any motion or application made to this Division for leave to annex the same as required by said rule. The term “pleadings may be referred to” does not satisfy the rule. Barnes v. Springfield, 268 Mass. 497, 504. Samuel v. Page-Storms Drop Forge Co., 243 Mass. 133, 135. Flint v. Wilmington, 310 Mass. 66, 67. Watts v. Watts, Mass. Adv. Sh. (1942) 1645, 1651, 1653. Murray v. Fitchburg Railroad, 130 Mass. 99, 102.
(2) The docket entries in the instant case show that an answer in abatement was heard on February 19, 1942, and taken under advisement by the judge hearing the same until March 12, 1942, when the answer in abatement was overruled. No request for a report or draft report from said decision was filed within five days, as required by G. L. (Ter. Ed.) c. 231, §108. District Court Rules (1940) Rule 27. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 179. Mass. Building Finish Co., Inc. v. Brenner, 288 Mass. 481, 484. Hammond v. Boston Terminal Co., 295 Mass. 566, 567. Nerbonne v. New England Steamship Co., 288 Mass. 508, 510. B. M. C. Durfee Trust Co. v. Turner, 299 Mass. 276, 279. Weiner v. Pictorial Paper Package Corp., 303 Mass. 123, 126, 128.
The defendant also claims that the trial court erred in allowing request numbered five, filed by him. As to that, it is sufficient to say that a party cannot be heard to claim error on appeal because the trial judge gave a ruling requested by him.
We find no prejudicial error in the record before us, and the report is dismissed.