*Western District*
### FRANK ZORRILLA
### v.
### FREDERICK JESERSKI, d.b.a.
### JESERSKI FARMS
Argued: June 30, 1964—Decided: July 30, 1964

*Present*: Garvey, P. J., Moore, Levine & Allen, JJ.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 170426.

*Garvey, P. J.* In this action of contract, the plaintiff, Secretary of Labor for Puerto Rico, in his representative capacity, seeks to recover on a judgment in the amount of $292.48 he obtained against the defendant in the General Court of Justice, Guagyama Section, Puerto Rico. The defendant pleaded a general denial, lack of jurisdiction in the Puerto Rican court and breach of contract. He also filed a declaration in set-off alleging a breach of contract on the part of the agricultural worker represented by the plaintiff. To this declaration

the plaintiff pleaded *res judicata*. After a trial the court found the damages of the plaintiff in set-off exceeded the amount of the Puerto Rican judgment by $73.12 and ordered judgment therefor. Claiming to be aggrieved by the denial of certain of his requests for rulings of law, the case was reported at the request of the plaintiff.

*The reported evidence shows that at the trial* the plaintiff introduced a judgment which recited that in a complaint filed in the Puerto Rican Court, he alleged that he was the Secretary of Labor of Puerto Rico suing in a representative capacity. That the defendant had entered into a written contract by the terms of which he agreed to engage the services between April and November, 1961, of certain Puerto Rican agricultural workers including one Hipolito Gonzales. Without cause Gonzales was discharged and thereby suffered damages. The judgment further recited that under the terms of the contract, the defendant agreed to submit to the jurisdiction of the Puerto Rican Courts for the purpose of enforcing the contract and the Commissioner of Insurance of Puerto Rico was designated and appointed his agent for the purpose of receiving legal process in connection with any litigation arising out of the contract. That the commissioner, after being served with process, duly notified the defendant. On motion of plaintiff, after default by the defendant because of his failure to appear, the Puerto Rican Court entered

judgment for the plaintiff in the amount of $292.48. After the introduction of the judgment, the plaintiff rested. No question of the validity of this judgment has been raised.

The defendant testified that Gonzales refused to perform the work as agreed; that he remained in housing quarters furnished by the defendant eating food furnished by him for a week without working; that because of Gonzales' breach of contract he was required to replace him with another agricultural worker at a higher rate of pay.

The trial justice was in error in denying the plaintiff's request that "the judgment of the Puerto Rican Court which is being sued on in the present case concludes the parties as to all matters which might have been adjudicated in that action", and his request that "the defendant's declaration in set-off is barred by the doctrine of *res judicata*".[1]

■■■ "The merits of a cause once decided, as a general proposition cannot be brought again into controversy. Where, therefore, a party in an action brought against him fails to avail himself of a defence thereto, he cannot in an action upon

---

[1] The defendant's declaration in set-off should have been treated as a plea in recoupment. Set-off is a statutory remedy, G. L. c. 232, §1. One of its requirements is that it be "for an amount that is liquidated or may be ascertained by calculation", not present here. A plea in recoupment, if proved, gives a defendant the right to have his damages applied in reduction of the plaintiff's damages, without judgment for any excess. *Bennett v. Kupfer*, 213 Mass. 218, 221; *Wright v. Graustein*, 248 Mass. 205, 210; *Tegelaar Brothers, Inc. v. Hanflig*, 286 Mass. 363, 367.

the judgment obtained therein make a defence which existed prior to the judgment, and which he might have made in the original action."

*Fiske v. Steele,* 152 Mass. 260.

"It is the general rule that 'a judgment on its merits in a former action between the same parties is a bar, as to every issue which in fact was or in law might have been litigated, to later action upon the *same cause. Cote v. New England Navigation Co.,* 213 Mass. 177, 180.' "

*Magaw v. Beals,* 272 Mass. 334, 338.

The doctrine of *res judicata* applies when there has been a judicial inquiry between the same parties, into a subject matter involved in both actions, in which the party affected by the judgment had an opportunity to be heard, and the decision was against the party attempting to litigate the matter again. *Old Dominion Copper Mining & Smelting Co. v. Bigelow,* 203 Mass. 159, 211; *McCarthy v. Wood Lumber Co.,* 219 Mass. 566, 567; *Hopkins v. Holcombe,* 308 Mass. 54, 57.

In the Puerto Rican proceedings the court found that "without cause Gonzales was discharged". The defendant's claim that he had cause to discharge him was a matter of defence in that court and being settled there adversely to him he cannot relitigate the same issue in the present action.

We are aware that a defendant with an independent cause of action is not obliged to plead it in defence in an original action against him. He may bring his own suit in his own way, or "rely on set-off or recoup-

ment, if applicable". *Friend Lumber Co. v. Armstrong Bldg. Finish Co.,* 276 Mass. 361, 370; *Hunt v. Brown,* 146 Mass. 253, 255; *Fiske v. Steele,* 152 Mass. 260. But this principle does not apply to the facts in this case. The defendant's defence, not being independent, should have been raised in the Puerto Rico Courts, where, by agreement, he consented to submit to its jurisdiction, not here.

The findings of the trial justice are to be vacated and the following entries made:

> **Finding for the plaintiff in the amount of Two Hundred Ninety-Two and 48/100 ($292.48) Dollars and finding for the plaintiff on the defendant's declaration in set-off.**

William L. Cohn, of Springfield, for the Plaintiff.